**Helen O'NEAL, Petitioner,**

v.

**ECTOR COUNTY INDEPENDENT SCHOOL DISTRICT, Respondent.**

No. 07–0084.

Supreme Court of Texas.

March 28, 2008.

Rehearing Denied May 16, 2008.

Kevin F. Lungwitz, Lungwitz & Lungwitz, P.C., Austin, for Petitioner.

Michael D. Atkins, Kevin B. Laughlin, Atkins Peacock & Lewis, L.L.P., Odessa, for Respondent.

## PER CURIAM.

The Legislature has established administrative procedures with short deadlines to encourage prompt resolution of teacher contract disputes. But appeals and remands may extend those procedures for years, as occurred here. The question presented is whether a teacher may file a parallel suit in state court to avoid a potential limitations bar. Because the administrative remedies here provide the same relief available in collateral litigation, we hold that a second suit is neither necessary nor permissible.

Helen O'Neal was employed by Ector County Independent School District as a teacher under a two-year term contract, and as a volleyball coach under an addendum thereto. The District terminated her coaching (but not her teaching) contract during the contract's first year. She filed a grievance nine days later, which the school board denied as untimely and the Commissioner of Education affirmed. Two years later, the Travis County District Court reversed, finding her appeal timely as it was governed by the 15–day deadline in Chapter 21 of the Texas Education Code. TEX. EDUC.CODE §§ 21.251(a)(2), 21.253. Neither party appealed that ruling, and the proceedings were remanded to the Commissioner. Three years later, the Commissioner found the District had violated O'Neal's right to a Chapter 21 hearing on termination and remanded to the Board for factual findings necessary to determine her recovery.

Meanwhile, shortly before the fourth anniversary of the administrative proceedings O'Neal filed this breach of contract action in Ector County "to preserve and protect the four-year statute of limitations for such claims." The Board filed a plea to the jurisdiction asserting failure to exhaust administrative remedies, which the trial court granted. The court of appeals affirmed, declining to address whether limitations might bar O'Neal's damage claims. 221 S.W.3d 286, 291–92. Because those claims are already part of the administrative proceedings, we affirm the court of appeals' judgment, though for different reasons.

If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 624–25 (Tex.2007). O'Neal does not dispute that the Board and Commissioner have exclusive jurisdiction of this dispute, and concedes she must exhaust her administrative remedies. *See* TEX. EDUC.CODE §§ 21.251–.260, 21.301–

.307 (providing for hearings and appeal to Commissioner if term contract is terminated). Until exhaustion occurs, a trial court generally must dismiss related litigation without prejudice. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 227 (Tex.2002); *Tex. Educ. Agency v. Cypress–Fairbanks I.S.D.*, 830 S.W.2d 88, 90 (Tex.1992).

■ O'Neal says her case should be different because no one can award her damages under the controlling statute, section 7.057 of the Education Code. *See Cypress–Fairbanks I.S.D.*, 830 S.W.2d at 91. We agree that if an agency has exclusive jurisdiction of some claims but no jurisdiction of others, a trial court may abate its own case until the administrative proceedings are concluded. *Subaru*, 84 S.W.3d at 221; *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex.2001).

But the procedures here are not governed by Chapter 7 but by Chapter 21 of the Education Code. Section 7.057 expressly provides that it "does not apply" to teacher contract disputes. *See* Tex. Educ. Code § 7.057(e)(1). O'Neal's claim is governed by Chapter 21 because it is an addendum to her teaching contract, was terminated "before the end of the contract period," and she "requested" an appeal. *See id.* § 21.251(a)(2). Under that chapter, available remedies include reinstatement, back pay, and employment benefits. *See id.* §§ 21.257(b), 21.304(e).

■ Because Chapter 21 expressly grants administrative jurisdiction to award O'Neal damages, she did not have to file a separate suit in another court to obtain them. Moreover, Chapter 21 provides its own deadlines for appeal to the trial court, *see id.* § 21.307(b), so the general limitations period does not apply. No matter how long the administrative proceedings take, O'Neal's damage claims will not be time-barred so long as she continues to meet the Chapter 21 deadlines.

Accordingly, without hearing oral argument, *see* Tex.R.App. P. 59.1, we affirm the court of appeals' judgment dismissing O'Neal's suit for the reasons stated above.