Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★ ★ ★

# OPINION

No. 04-08-00162-CV

**NORTH EAST INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

John **KELLEY**,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 312677
Honorable David Rodriguez, Judge Presiding

Opinion by:     Alma L. López, Chief Justice

Sitting:         Alma L. López, Chief Justice
                Catherine Stone, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed:   December 10, 2008

REVERSED AND DISMISSED IN PART; REVERSED AND REMANDED IN PART

North East Independent School District ("District") appeals the trial court's order denying its plea to the jurisdiction and granting summary judgment in favor of John Kelley. The District presents six issues on appeal asserting: (1) the trial court lacked subject matter jurisdiction over Kelley's claims; (2) the trial court erred in concluding that the District breached Kelley's contract; (3) the trial court erred in awarding Kelley declaratory relief because the District is immune from such relief; (4) the trial court erred in awarding injunctive relief in the absence of imminent or

irreparable harm; (5) the injunctive relief was overly broad and not reasonably specific; and (6) the trial court erred in awarding attorney's fees and costs against the District because the District is immune from such relief. We reverse the trial court's judgment, dismiss Kelley's breach of contract and declaratory judgment claims, and remand the cause to the trial court with instructions to abate Kelley's claims for quantum meruit and injunctive relief.

## BACKGROUND

Kelley was employed by the District pursuant to a written one-year probationary contract. The contract provided that Kelley would be employed "on a 10-month basis for the school year 2000-01, according to the hours and dates set by the district as they exist or may hereafter be amended." The District adopted a teacher salary schedule that was based on 187 working days and a work schedule that required teachers to work 187 days during the 2000-2001 school year. The District required Kelley to attend a graduation ceremony in addition to the 187 days he was required to work. Kelly filed a grievance seeking an additional day's pay and appealed the District's decision to the Commissioner of Education.

The Commissioner of Education concluded that Kelley's contract required him to work only 187 days; therefore, the contract did not require Kelley to work an additional day by attending the graduation ceremony. The Commissioner also concluded, however, that the District did not violate the contract by requiring Kelley to work an additional day; instead, Kelley's claim would be a claim for quantum meruit over which the Commissioner had no jurisdiction. Therefore, the Commissioner dismissed the appeal for lack of jurisdiction.

Kelley then proceeded on two fronts. First, Kelley filed the underlying lawsuit in Bexar County alleging claims for breach of contract, quantum meruit, declaratory relief, and injunctive

relief and requesting attorney's fees and costs. Kelley also filed an administrative appeal of the Commissioner's decision in Travis County.

In the Bexar County lawsuit, the District filed a plea to the jurisdiction. The parties also filed competing motions for summary judgment. The district court in Travis County abated its case pending the outcome of the Bexar County lawsuit. The trial court in Bexar County subsequently granted summary judgment in favor of Kelley, awarding him: (1) damages for his breach of contract claim; (2) declaratory relief that the District violated the contract; and (3) injunctive relief prohibiting the District from "illegal conduct (as occurred in this case) in the future." The Bexar County trial court also awarded Kelley attorney's fees and costs.

### STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction de novo. *Herring v. Welborn*, 27 S.W.3d 132, 125 (Tex. App.—San Antonio 2000, pet. denied). Similarly, we review a trial court's summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156-157 (Tex. 2004). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id*. The party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id*.

### JURISDICTION

The District contends that section 7.057(d) of the Texas Education Code required Kelley to appeal the Commissioner's decision to a district court in Travis County; therefore, the Bexar County court did not have jurisdiction to consider Kelley's breach of contract claim. Section 7.057(d) provides:

> A person aggrieved by an action of the agency or decision of the commissioner may appeal to the district court in Travis County.

Tex. Educ. Code Ann. § 7.057(d) (Vernon 2006).[1] Kelley responds that the Bexar County court had jurisdiction because the Commissioner dismissed his appeal for lack of jurisdiction.

Kelley's assertion ignores the basis for the dismissal by the Commissioner as stated in the Commissioner's written decision. The Commissioner dismissed the appeal based on his conclusion that the only claim available to Kelley was a quantum meruit claim. Any complaint by Kelley that he had viable breach of contract claim had to be appealed to the district court in Travis County pursuant to section 7.057(d). Tex. Education Code Ann. § 7.057(d) (Vernon 2006). No other court had jurisdiction to consider the breach of contract claim. *Id.* Similarly, a declaratory judgment action seeking to determine whether the District's actions violated the contract could not be brought in Bexar County because such a claim challenges the Commissioner's decision that no such complaint existed.[2] *See Grounds v. Tolar Ind. Sch. Dist.*, 707 S.W.2d 889,891-92 (Tex. 1986), *abrogated on other grounds*, *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000); *see also City of College Station v. Wellborn Special Utility Dist.*, No. 10-04-00306-CV, 2006 WL 2067887, at *2 (Tex. App.—Waco Jul. 26, 2006, pet. denied) (mem. op.) (applying exhaustion of administrative remedies requirement to claims predicated on claims within agency's exclusive jurisdiction); *Gutierrez v. Laredo Ind. Sch. Dist.*, 139 S.W.3d 363, 365 (Tex. App.—San Antonio 2004, no pet.) (affirming summary judgment in favor of school district where plaintiff failed to exhaust administrative remedies before suing for breach of contract and declaratory relief). Because

---

[1] Under section 7.057(d), the decision to appeal is optional, but the place of trial is jurisdictional. *See Grounds v. Tolar Ind. Sch. Dist.*, 707 S.W.2d 889,892 (Tex. 1986), *abrogated on other grounds*, *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000).

[2] The declaratory relief granted by the trial court stated, "the defendant violated the plaintiff's rights and entitlements under his employment contract."

the Bexar County court was without jurisdiction to consider Kelley's breach of contract and declaratory judgment claims, it also was without jurisdiction to award Kelley attorney's fees based on the judgment it entered on those claims.

## QUANTUM MERUIT

Kelley contends that because he pled a quantum meruit claim in the alternative, we can affirm the trial court's judgment on that basis. A party may recover under quantum meruit only when there is no express contract covering the services rendered. *Collins & Aikman Floorcoverings, Inc. v. Thomason,* 256 S.W.3d 402, 407 (Tex. App.—San Antonio 2008, no pet.). Accordingly, the trial court necessarily rejected the quantum meruit claim in granting relief on the breach of contract claim. Because the existence of Kelley's quantum meruit claim hinges on the non-existence of his breach of contract claim, and his breach of contract claim is within the exclusive jurisdiction of the Commissioner under appeal in Travis County, the Bexar County trial court was required to abate that claim until the appeal of the administrative proceedings was concluded. *See O'Neal v. Ector County Ind. Sch. Dist.*, 251 S.W.3d 50, 52 (Tex. 2008); *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001).

## INJUNCTION

The District contends that the trial court erred in granting summary judgment in favor of Kelley on his claim for injunctive relief. The Bexar County court's order states, "Further, the Court finds and ORDERS that defendant is enjoined and prohibited from illegal conduct (as occurred in this case) in the future." This finding and order are necessarily based on the trial court's determination that the District breached the employment contract which, for the reasons previously stated, the Bexar County court did not have jurisdiction to consider. Since the breach of contract

claim is within the exclusive jurisdiction of the Commissioner under appeal in Travis County, the Bexar County trial court was required to abate Kelley's claim for injunctive relief until the appeal of the administrative proceedings was concluded. *See O'Neal*, 251 S.W.3d at 52; *American Motorists Ins. Co.,* 63 S.W.3d at 805.

## CONCLUSION

The trial court's judgment is reversed. Kelley's claims for breach of contract and declaratory judgment are dismissed. The cause is remanded to the trial court with instructions to abate its proceedings with regard to Kelley's quantum meruit and injunction claims pending the final resolution of Kelley's appeal of the Commissioner's decision in Travis County.

Alma L. López, Chief Justice