Affirmed and Memorandum Opinion filed April 20, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00377-CV

___________________

 

MIchael Kennedy, Appellant

 

V.

 

Turner Industries Group, LLC,
Appellee



 



 

On
Appeal from the 334th District Court

Harris County,
Texas



Trial Court Cause No. 2008-55576

 



 

 

MEMORANDUM  OPINION

            Pro
se appellant Michael Kennedy challenges the trial court’s grant of summary
judgment in favor of his former employer, Turner Industries Group, LLC, on
Kennedy’s causes of action arising from Turner’s denial of his claim for
workers’ compensation benefits.  Because Turner established that the trial
court lacked jurisdiction over Kennedy’s claims, we affirm.  


I.  Factual and Procedural
Background

            Kennedy was
terminated from his position at Turner Industries Group, LLC (“Turner”) on
October 4, 2006.  He contends he sustained a work-related injury the same day,
and he sought workers’ compensation benefits from the Texas Department of
Insurance, Division of Workers’ Compensation (the “Division”).  Turner disputed
the claim.

            A benefit
review conference was held on October 17, 2007, but the parties were unable to
reach an agreement.  A contested case hearing was convened in December 2007,
but was recessed to allow Kennedy to obtain counsel.  After a continuance at
Kennedy’s request, the hearing was reconvened on May 30, 2008, but Kennedy did
not appear.  The hearing officer found that Kennedy (a) did not sustain an
injury in the course and scope of his employment on October 4, 2006;
(b) did not give his employer notice of the claimed injury within thirty
days; and (c) did not have good cause for failure to give such notice.  In
a decision dated June 4, 2008, the hearing officer concluded that Turner’s
insurance carrier is relieved from liability due to Kennedy’s failure to timely
notify Turner of an injury.  See Tex.
Labor Code Ann. § 409.002 (Vernon 2006).  

            On September
16, 2008, Kennedy, acting pro se, sued Turner in a Harris County district
court.  He asserted that (a) Turner “denied [him] his due process rights
to worker’s compensation”; (b) Turner, its insurer, and its attorney
denied him due process by failing to file a notice of injury with the Division;
and (c) Turner discriminated against him on the basis of race by denying
that Kennedy filed a notice of injury on October 4, 2006.  In its answer,
Turner responded that Kennedy failed to exhaust his administrative remedies.

            On December
1, 2008, Kennedy amended his petition[1]
and asserted that Turner acted in bad faith; committed perjury and aggravated
perjury; deprived him of his rights to equal protection and equal opportunity
to report injuries to the Division; and subjected him to cruel and unusual
punishment.  Turner successfully moved for traditional summary judgment on this
pleading.  In this pleading, Kennedy asserted claims against additional
defendants, and both in response to the summary judgment motion and on appeal,
Kennedy argued that a final judgment is improper because there are outstanding
claims against some of these additional defendants.  We notified the parties of
our intent to dismiss the case on the grounds that the judgment was not final, see
Tex. R. App. P. 42.3, thereby
giving Kennedy the opportunity to supplement the record to show that the
additional defendants had been served, waived service, or answered, if such was
the case.  See Tex. R. Civ. P.
99, 119.  Although Kennedy responded, he does not contend that any of the
additional defendants have been or will be served or have filed an answer in
the suit.  We therefore treat the judgment as final and these defendants as
nonsuited from the case, and we do not address Kennedy’s arguments concerning
the claims he pleaded against them.  See Youngstown Sheet & Tube Co. v.
Penn, 363 S.W.2d 230, 232 (Tex. 1963). 

Kennedy
filed seven post-judgment motions rearguing his claims and attempting to assert
additional causes of action.  The post-judgment motions were overruled by
operation of law, and Kennedy appeals the judgment as to some of his claims.

II.  Issues Presented

            We understand
appellant to present four issues for review.[2] 
In his first issue, Kennedy challenges the trial court’s failure to make
findings of fact.  In his second issue, he contends that the trial court erred
in dismissing his suit for failure to exhaust administrative remedies.  Kennedy
argues in his third issue that Turner violated his due process rights by making
false statements, and thus, the trial court erred in dismissing his claims for
mental anguish arising from the denial of medical care.  In his fourth issue
Kennedy contends that the trial court erred in failing to consider his claims
that Turner breached a duty to report Kennedy’s injury and committed fraud,
acted in bad faith, and breached a duty of fair dealing by falsely stating that
no injury incurred.

III.  Standard of Review

            We review
summary judgments de novo.  Ferguson v. Bldg. Materials Corp. of Am.,
295 S.W.3d 642, 644 (Tex. 2009) (per curiam).  We consider all grounds the
appellant preserves for review that are necessary for final disposition of the
appeal.  Diversicare G.P., Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005). 
In a traditional motion for summary judgment, the movant has the burden of
showing that there is no genuine issue of material fact and it is entitled to
judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997).  To obtain traditional summary judgment, a defendant must
conclusively negate at least one essential element of each of the plaintiff’s
causes of action or conclusively establish each element of an affirmative
defense.  Grinnell, 951 S.W.2d at 425.  Evidence is conclusive
only if reasonable people could not differ in their conclusions.  City of
Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  Once the defendant
establishes its right to summary judgment as a matter of law, the burden shifts
to the plaintiff to present evidence raising a genuine issue of material fact. 
Westland Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex. 1982).
 In our review, we take as true all summary judgment evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant’s favor.  See Joe v. Two Thirty Nine Joint Venture, 145
S.W.3d 150, 157 (Tex. 2004).

IV.  Analysis

A.        Failure to
Make Findings of Fact

            In his first issue, Kennedy challenges
the trial court’s failure to make findings of fact after granting the summary
judgment.  Summary judgment is available only if there is no genuine issue of
material fact or no evidence of an essential element of a claim or defense.  Tex. R. Civ. P. 166a(c),(i).  Because
summary judgments are decided as a matter of law, a party is not entitled to
findings of fact following summary judgment.  Linwood v. NCNB Tex., 885
S.W.2d 102, 103 (Tex. 1994) (per curiam).  We therefore overrule his first
issue.

B.        Dismissal for Failure to Exhaust
Administrative Remedies

            In his second issue, Kennedy contends
that the trial court erred in dismissing his workers’ compensation claims for
failure to exhaust administrative remedies.  The Workers’ Compensation Act
vests the power to award workers’ compensation benefits solely in the Workers’
Compensation Division, subject to judicial review.  See Saenz v. Fidelity
& Guar. Ins. Underwriters, 925 S.W. 2d 607, 612 (Tex. 1996).  Judicial
review of a Division decision is available only after the party has exhausted
administrative review through a contested case hearing or arbitration, followed
by an appeal to a Division appeals panel.  Tex.
Lab. Code Ann. §§ 408.001(a), 410.251, 410.302(b); O’Neal v. Ector
County Indep. Sch. Dist., 251 S.W.3d 50, 51 (Tex. 2008) (per curiam).  

            A party wishing to appeal a hearing
officer’s decision must file a written request with the appeals panel and the
other party not later than fifteen days after the date on which the hearing
officer’s decision was received.  Tex.
Lab. Code Ann. § 410.202(a).  The decision in this case was signed
June 4, 2008.  Kennedy had to appeal within fifteen days of receipt of that
order, and the Commission had to receive that appeal.  If an appeal is not
timely filed, then administrative remedies have not been exhausted, and the
district court lacks subject matter jurisdiction over the claims arising from
the denial or delay of workers’ compensation benefits.  See, e.g., Combined
Specialty Ins. Co. v. Deese, 266 S.W.3d 653, 658 (Tex. App.—Dallas 2008, no
pet.); Frank v. Liberty Ins. Corp., 255 S.W.3d 314, 320 (Tex.
App.—Austin 2008, pet. denied); Cont’l Cas. Co. v. Rivera, 124 S.W.3d
705, 712 (Tex. App.—Austin 2003, pet. denied); Old Republic Ins. Co. v.
Weeks, No. 13-07-00451-CV, 2009 WL 1740820, at *2 (Tex. App.—Corpus Christi
June 11, 2009, pet. denied) (mem. op.).  

            In support of its argument that Kennedy
failed to exhaust administrative remedies, Turner produced a letter to Kennedy
from Division appeals panel judge Rafael Quintanilla regarding the finality of
the hearing officer’s decision. While that letter was not actually a decision
of the appeals panel,[3]
Turner moved for summary judgment on the basis that Kennedy failed to timely
appeal.  In the letter, dated December 4, 2008, Quintanilla wrote, “In response
to your handwritten letter of November 2, 2008, please be advised that the
Appeals Panel, Texas Department of Insurance, Division of Workers’
Compensation, has no record of receiving an appeal in the above-described
matter.  The Decision . . . has become final. . . .”  Kennedy failed to present
any controverting evidence that he filed an appeal with the appeals panel within
fifteen days of the receipt of the June 4, 2008 order, or that the appeals panel
received his appeal.

            Kennedy argues that the Division
consented to this suit and instructed him to file it. In support of his
argument, he relies on the letter in which Quintanilla stated, “If you are not
satisfied with this decision and desire to have the dispute resolved in court,
then you must file a lawsuit in the appropriate court.” A district court has
jurisdiction to determine whether a claimant timely appealed, even when the
appeals panel contends otherwise.  See, e.g., Deese, 266 S.W.3d
at 658.  If the district court agrees that the claimant did not timely appeal
then the underlying decision and order become final and not reviewable.  See
Rivera, 124 S.W.3d at 712.

            In addition, an appeal to the appeals
panel must clearly and concisely rebut or support the decision of the hearing
officer on each issue for which review is sought.  Tex. Lab. Code Ann. § 410.202(c).  A district court can
review only those issues raised before the appeals panel.  Tex. Lab. Code Ann. §410.302(b).  Not
only did Kennedy fail to show a timely appeal, he failed to identify the issues
for which he sought.  We conclude that Kennedy failed to exhaust administrative
remedies, and we overrule Kennedy’s second issue.  

C.        Due Process Claims

            Kennedy next appears to assert that Turner
made false statements in violation of Kennedy’s due process rights, and thus, the
trial court erred in dismissing his claims for mental anguish arising from the
denial of medical care.  In support of this argument, he cites sections 409.003
and 411.108 of the Texas Labor Code.  Section 409.003 provides that an employee
must file a compensation claim with the Division not later than one year after
the injury occurred, or if the injury is an occupational disease, within one
year of the time the employee knew or should have known that the disease was
related to his employment.  Tex. Lab.
Code Ann. § 409.003.  Section 411.108 provides that the Division “may
require an employer and any other appropriate person to report accidents,
personal injuries, fatalities, or other statistics and information relating to
accidents on forms prescribed by and covering periods designated by the
commissioner.”  Id. § 411.108.  Neither statute supports Kennedy’s
position.  

            Although Kennedy’s argument is unclear, it
is well-settled that the constitutional right to due process prohibits state
action, not the conduct of private parties.  See U.S. Const. amend. XIV, § 1 (“No State shall . . . deprive
any person of life, liberty, or property without due process of law . . . .”);
Blum v. Yaretsky, 457 U.S. 991, 1002–03, 102 S. Ct. 2777, 2785, 73 L.
Ed. 2d 534 (1982).  Turner is a private entity, and Kennedy has not argued, at
trial or on appeal, that Turner’s conduct constitutes state action.  If it is
Kennedy’s position that he has a constitutional right to continue litigating
his claims against Turner in a state court, we must reject that argument as
well.  See Pickett v. Tex. Mut. Ins. Co., 239 S.W.3d 826, 835
(Tex. App.—Austin 2007, no pet.) (holding that the requirement that claimants
exhaust administrative remedies does not violate their federal right to due
process or their state right to due course of law).  We therefore overrule
Kennedy’s third issue.

D.        Failure to Consider Additional Claims

            In his final issue, Kennedy contends that
the trial court erred in failing to consider his claims that Turner breached a
duty to report his injury to the Division and committed fraud, acted in bad
faith, and breached a duty of fair dealing by falsely stating that no injury
incurred.  All of his claims for damages for these claims are premised on the
fact that he was not awarded benefits.  These claims are precluded by the
exclusive jurisdiction vested in the Workers’ Compensation Commission and his
failure to exhaust administrative remedies.  See Saenz, 925 S.W. 2d at
612 (claims for bad faith and fraud are precluded); see also Am. Motorists Ins.
Co. v. Fodge, 63 S.W.3d 801, 804 (Tex. 2001) (explaining that the workers’
compensation process “precludes bad faith liability for denying benefits to
which the claimant is not entitled”).  We therefore overrule Kennedy’s fourth
issue.




 

V.  Conclusion

            Because Turner
established that the trial court lacked jurisdiction over the claims at issue
in this appeal, we affirm the trial court’s judgment and deny Kennedy’s pending
motions as moot.  

 

                                                                                    

                                                            /s/                    Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.









[1] Although Kennedy refers
to an amended complaint filed December 8, 2008 and Turner refers to an amended
complaint filed November 23, 2008, no amended complaints were filed on either
date, and it is clear from each party’s discussion of the pleading’s contents
that they both intended to refer to this document, entitled “Plaintiff’s First
Motion to Amend Names and States Cause of Action.” 





[2] We have given Kennedy,
who is appearing pro se, considerable latitude in the presentment of issues for
review.  See Perez v. State, 261 S.W.3d 760, 763 n.2 (Tex. App.—Houston
[14th Dist.] 2008, pet. ref’d).  Although we read a pro se appellant’s brief
“with patience and liberality” to identify the issues he is attempting to
raise, the pro se appellant nevertheless is bound by the same laws and
procedural rules that govern licensed attorneys.  See id. (citing Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184–85 (Tex. 1978)).  Thus, we do not
consider appellate issues raised for the first time in a reply brief.  See Tex. R. App. P. 38.3.  The pro se
appellant also must present argument for the relief sought, supported by
appropriate citations to the record and to relevant authority.  See Tex. R. App.  P. 38.1(i).  Where an
appellant fails to provide appropriate argument and relevant citations, we will
overrule the issue as waived.  See, e.g., Sterling v. Alexander,
99 S.W.3d 793, 799 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).  





[3] While this case was on
appeal, Kennedy apparently secured a decision from the Appeals Panel, dated
April 4, 2009, finding that Kennedy did not timely appeal.