

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00138-CV
_____

ANTHONY D. COLBY, APPELLANT

V.

GRAPHIC ARTS MUTUAL INSURANCE COMPANY A/K/A UTICA NATIONAL
INSURANCE COMPANY, APPELLEE

_____

On Appeal from the 345th District Court
Travis County, Texas[1]
Trial Court No. D-1-GN-16-004015, Honorable Tim Sulak, Presiding

_____

September 11, 2018

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

In the present appeal, we are called upon to determine whether appellant, Anthony

D. Colby, exhausted administrative remedies required as a precondition to his bringing

suit on his workers' compensation claims in district court. Finding that he failed to exhaust

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

the required administrative remedies on the claims he asserts, we affirm the trial court's grant of a plea to the jurisdiction in favor of appellee, Graphic Arts Mutual Insurance Company a/k/a Utica National Insurance Company (Utica).

## Factual and Procedural Background

In 2009, Colby sustained an on-the-job injury while working for Onion Creek Club. He reported the injury to his employer, who was covered by a workers' compensation insurance policy through Utica. Colby's medical condition was diagnosed as a cervical sprain or strain and was determined to be compensable under the workers' compensation policy with Utica. Income benefits were paid and medical treatment was provided for Colby's injury in compliance with the Texas Workers' Compensation Act.

After a dispute arose regarding the extent of the compensable injury, Colby requested the Division of Workers' Compensation (DWC) to appoint a designated doctor to address the proper extent of the injury. Colby disputed the qualifications of the doctor that had previously served as his designated doctor. Because this doctor was no longer certified to be a designated doctor, the DWC found good cause for Colby's complaint and appointed another designated doctor. After two more designated doctors were appointed but then subsequently removed, the DWC appointed Dr. Lisa Persyn as designated doctor in Colby's case. However, Utica disputed Persyn's appointment and requested an expedited contested case hearing. Following this hearing, the DWC Hearing Officer issued her Decision and Order concluding that Persyn was not properly appointed designated doctor and cancelling this appointment. Colby timely appealed this determination to the DWC Appeals Panel. The Appeals Panel issued a notice that the

2

Hearing Officer's Decision and Order was upheld and constituted the final DWC determination. Following enclosed instructions, Colby filed the instant suit in district court.

By his original petition, Colby asserts claims for Utica's denial of medical treatment, improper claims handling, and violations of Colby's civil rights. Colby makes a passing reference to the designated doctor issue in the "Facts" section of his petition but he does not directly challenge the DWC's decision to remove Persyn as designated doctor, even though this was the only issue that was decided by the DWC. By his petition, Colby seeks injunctive relief requiring Utica "to provide medical and other benefits to which [Colby] is entitled"; compensatory damages for pain and suffering, mental anguish, and physical impairment; and exemplary damages. Utica answered contending, *inter alia*, that Colby's claims of denials of medical treatment, improper claims handling, and breaches of the duty of good faith and fair dealing must be processed through the DWC's administrative system before they can be asserted in district court and that such a failure to exhaust administrative remedies is jurisdictional.

Subsequently, Utica filed a motion for summary judgment that, *inter alia*, claims that Colby failed to show that he had exhausted administrative remedies before pursuing his claims in district court. Colby responded explaining that he had been notified by the DWC that, if he was dissatisfied with the decision of the Appeals Panel, he could file suit with the district court within forty-five days of the date of the Appeals Panel's decision. He contends that, because he complied with DWC requirements to bring suit, he has exhausted administrative remedies and Utica's motion for summary judgment should be denied. However, Colby makes only passing reference to the DWC's removal of Persyn as designated doctor in his petition. And, nowhere in his petition does Colby expressly

3

identify a DWC order being appealed from, a DWC cause number, or an Appeals Panel decision number.

Before ruling on Utica's summary judgment motion, the trial court afforded Colby an opportunity to amend his pleadings. In his amended pleadings, Colby again asserts claims for medical treatment, yet in this pleading he requests that the trial court order Utica to pay Colby the cost of medical procedures "upfront" in order to ensure quality medical treatment. Colby prays that the trial court "reverse the [DWC] appeals panel decision" but he provides no argument to identify any basis upon which to conclude that the DWC Hearing Officer or Appeals Panel erred. Colby also filed a second amended pleading that he asks the trial court to consider separately from his DWC appeal. In this amendment, Colby asserts his claims for "Civil Rights/Discrimination Violation." Notably, nowhere does Colby identify any basis for the trial court's jurisdiction over civil rights claims asserted by an individual against an insurance carrier.

Approximately a week after Colby filed his amended pleadings, the trial court granted Utica's motion for summary judgment but expressly ruled that Colby's "claims as pled in his Original Petition are dismissed." Uncertain whether the trial court's summary judgment ruling disposed of all of Colby's pending claims, Utica filed a Plea to the Jurisdiction and Motion to Dismiss. By this motion, Utica again contends that Colby failed to exhaust administrative remedies available from the DWC before pursuing judicial review in the district courts. Colby responded yet again stating that he had presented a case to the DWC and, therefore, had exhausted administrative remedies. The trial court

4

issued its order granting Utica's plea to the jurisdiction and motion to dismiss on February 24, 2017. Colby timely appealed from this order.[2]

## Law

A trial court has jurisdiction to award damages only to the extent that relief is not dependent upon the direct or indirect adjudication of a matter within the DWC's exclusive jurisdiction. *In re Tex. Mut. Ins. Co.*, 321 S.W.3d 655, 660 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Whether an agency has subject matter jurisdiction over a matter is a question of law reviewed de novo. *Id.* (citing *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002)). When an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust all administrative remedies before a trial court has subject matter jurisdiction. *Id.* (citing *O'Neal v. Ector County Indep. Sch. Dist.*, 251 S.W.3d 50, 51 (Tex. 2008) (per curiam)).

A plea to the jurisdiction challenging exhaustion of administrative remedies under the workers' compensation scheme can rest on the pleadings, or on evidence. *Id.* When the plea challenges the pleadings, we must determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Id.* In conducting this review, we must look to the allegations in the pleadings, liberally construe them in the plaintiff's favor, and look to the pleader's intent. *Id.* If the pleadings fail to

---

[2] Colby's notice of appeal seeks appeal from the trial court's "final judgement entered on February 24, 2017, granting Defendant['s] Motion for Summary Judgement . . . ." We note that the dispositive ruling of the trial court that was entered on February 24, 2017, is an order granting Utica's plea to the jurisdiction and motion to dismiss. By contrast, the trial court granted Utica's motion for summary judgment by order dated January 11, 2017. Because Utica raised the same grounds in its plea to the jurisdiction that it had previously raised in its motion for summary judgment and as Colby appealed the trial court's February 24, 2017 ruling, we will limit our review to the propriety of the trial court's grant of Utica's plea.

5

allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be afforded the opportunity to amend. *Id.* at 660-61.

"The Workers' Compensation Act vests the power to award compensation benefits solely in the [DWC], subject to judicial review." *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001). The Act also vests exclusive jurisdiction to determine a claimant's entitlement to medical benefits upon the DWC. *In re Tex. Mut. Ins. Co.*, 321 S.W.3d at 661 (citing *In re Liberty Mutual Fire Ins.Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (orig. proceeding) (per curiam)). Claims against workers' compensation carriers for unfair settlement practices are not cognizable under the Texas Insurance Code because the Workers' Compensation Act includes specific penalties and sanctions for enforcement of its requirements. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 433, 443 (Tex. 2012). An injured employee also may not assert a claim for breach of the common law duty of good faith and fair dealing against a workers' compensation carrier. *Id.* at 451.

When an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *In re Tex. Mut. Ins. Co.*, 321 S.W.3d at 661 (citing *Subaru of Am., Inc.*, 84 S.W.3d at 221). Exhaustion of administrative remedies is required to ensure that the administrative agency has had the opportunity to resolve disputed fact issues within its exclusive jurisdiction before those issues are addressed by a court. *Id.* Even after administrative remedies have been exhausted, judicial review of an area in which the DWC has been granted exclusive jurisdiction is limited to issues decided by the Appeals Panel and on which judicial review is specifically sought. TEX. LABOR CODE ANN. § 410.302(b) (West 2015).

Analysis

Initially, we note that Colby's petition does not expressly identify a DWC order being appealed from, a DWC cause number, or an Appeals Panel decision number. At best, Colby references a DWC Hearing Officer's Decision and Order and a subsequent notice issued by the Appeals Panel that the Decision and Order was upheld and became final. This Decision and Order identifies the issue as whether Persyn was properly appointed as designated doctor. However, Colby's petition asserts claims for Utica's denial of medical treatment, improper claims handling, and violations of Colby's civil rights. Clearly, these claims were not addressed by the DWC's resolution of the propriety of the appointment of Persyn as designated doctor. Consequently, as a direct appeal for judicial review of a DWC decision, Colby's petition is deficient. Further, Colby's petition seeks damages for pain and suffering, mental anguish, physical impairment, as well as exemplary damages, but does not request a modification or set aside of any DWC order.[3]

The DWC has been granted exclusive jurisdiction over Colby's claims. Colby asserts claims for Utica's denial of medical treatment, but DWC has been granted exclusive jurisdiction over this area. *See In re Tex. Mut. Ins. Co.*, 321 S.W.3d at 661. He asserts claims that Utica has improperly handled his workers' compensation claim, but this is also an area over which DWC has been granted exclusive jurisdiction. *Ruttiger*, 381 S.W.3d at 433, 443. It appears that Colby also asserts claims that would fall under a theory that Utica has breached its duty of good faith and fair dealing, but this is another

---

[3] It appears that Colby believes that his exhaustion of administrative remedies as to any issue entitles him to judicial review of all issues that he has with Utica. However, the law provides that judicial review of issues over which DWC has exclusive jurisdiction is limited to those issues expressly decided by the Appeals Panel. TEX. LABOR CODE ANN. § 410.302(b).

area where the DWC has been granted exclusive jurisdiction. *Id.* at 451. Finally, Colby asserts claims for violation of his civil rights. However, Colby cites to no authority that would make his civil rights claims cognizable against a workers' compensation carrier. *See* 42 U.S.C.S. § 1983 (affords action for deprivation of Constitutional rights against state actors). Consequently, we conclude that Colby has not exhausted administrative remedies as to any of his claims for which such exhaustion is required and he has not identified any basis for the trial court's exercise of jurisdiction over his civil rights claims.

As to the designated doctor issue on which Colby appears to have exhausted administrative remedies, Colby's argument is that the originally appointed designated doctor is not qualified and is no longer authorized to be appointed as a designated doctor by the DWC. However, this argument was not the issue for which administrative remedies were exhausted. The DWC Hearing Officer's Decision and Order identifies the disputed issue as: "Was Lisa Persyn, properly appointed the designated doctor in accordance with TEX. LABOR CODE ANN § 408.0041 pursuant to Rule § 127.130?" It is clear that the propriety of Persyn's appointment as designated doctor was all that was being decided at this hearing. In fact, in response to argument presented by Colby, the Hearing Officer specifically stated that whether the original designated doctor remained qualified to serve as designated doctor "is irrelevant at this point . . . ." The issue that was addressed by the DWC was simply whether Persyn was properly appointed in compliance with the applicable rules and regulations of the DWC. Thus, the designated doctor claim asserted by Colby does not comport with the issue presented to the DWC.

## Conclusion

Having concluded that Colby did not exhaust administrative remedies before asserting his present claims in district court, we affirm the trial court's grant of Utica's plea to the jurisdiction and motion to dismiss.


                                         Judy C. Parker
                                            Justice