

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-20-00471-CV

Kevin **MILLER**, as Agent for Miller & Bicklein,
Appellant

v.

**KIM TINDALL & ASSOCIATES, LLC**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CI-01799
Honorable Laura Salinas, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 18, 2021

AFFIRMED

In this case, a defense attorney hired a court reporter for depositions, and the plaintiff's attorney sued the court reporter under the Deceptive Trade Practices Act (DTPA) for claims based on the court reporter's services. On appeal, the plaintiff's attorney argues he is a "consumer" under the DTPA. Under the facts of this case, we conclude the plaintiff's attorney is not a "consumer," as defined by the DTPA. We therefore overrule the sole issue presented and affirm the trial court's judgment.

## BACKGROUND

The underlying suit arises out of depositions taken for a federal suit styled *Burman v. State Farm Lloyds, et al*. Defense counsel deposed Norma and William Burman, and hired a certified court reporter from Kim Tindall & Associates (KTA) for the depositions. The plaintiff's attorney was Kevin Miller, as an agent of the law firm of Miller & Bicklein, and the witnesses were deposed at Miller's office.

During the deposition, KTA's reporter asked Miller whether he wanted copies of the deposition transcripts for purposes of Federal Rule of Civil Procedure 30(e). *See* FED. R. CIV. P. 30(e). Rule 30(e) permits a party or deposition witness to review a deposition transcript to determine whether to make changes in form or substance. *Id.* According to Miller, he requested a copy of the deposition transcripts, but never received a copy, and he later learned that KTA had provided final copies to defense counsel and represented to the court that Miller waived his right to review the transcripts.

Miller sued KTA, alleging DTPA claims. In a plea to the jurisdiction, KTA argued Miller was not a "consumer" under the DTPA. KTA produced evidence in support of the plea, and Miller responded with his own evidence. After a hearing, the trial court granted KTA's plea to the jurisdiction and rendered a final judgment dismissing Miller's claims. Miller now appeals.

## STANDARD OF REVIEW

KTA challenged Miller's "standing" to assert a DTPA claim on the basis that he was not a "consumer," and raised the challenge in a plea to the jurisdiction. We note that, in some cases, a plaintiff's consumer status under the DTPA has been treated as a jurisdictional challenge asserted in a plea to the jurisdiction. *See, e.g.*, *El Pescador Church, Inc. v. Ferrero*, 594 S.W.3d 645, 659-60 (Tex. App.—El Paso 2019, no pet.). In others, a plaintiff's consumer status has been considered merely an element of the plaintiff's claim that may be challenged by a motion for summary

judgment. *See Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 398, 400 (Tex. App.—San Antonio 2000, no pet.) (noting that "consumer status is an essential element of a DTPA cause of action" and affirming a summary judgment).

In this case, we need not determine whether Miller's consumer status is jurisdictional or an issue relating solely to the merits. First, Miller does not argue that a plea to the jurisdiction was an improper procedural vehicle for KTA to challenge his consumer status. *See* TEX. R. APP. 38.1(i). Instead, the parties' sole dispute is whether Miller is a "consumer" under the DTPA, regardless of the procedural vehicle used in the trial court. Second, in the plea to the jurisdiction, the parties asked the trial court to determine the existence of jurisdictional facts (e.g. Miller's consumer status), and the standard of review for pleas to the jurisdiction that challenge the existence of jurisdictional facts mirrors our summary judgment standard. *See Tozi v. RJ & Sons LLC*, 614 S.W.3d 767, 770 (Tex. App.—San Antonio 2020, no pet.).

We therefore review the trial court's final judgment under the mirrored standard for summary judgment motions and evidence-based pleas to the jurisdiction. "If the evidence creates a fact question . . . then the trial court cannot [render judgment], and the fact issue will be resolved by the fact finder. However, if the relevant evidence is undisputed or fails to raise a fact question . . . the trial court rules . . . as a matter of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). Our standard of review is de novo. *See N.E. Indep. Sch. Dist. v. Kelley*, 277 S.W.3d 442, 444 (Tex. App.—San Antonio 2008, no pet.).

## MILLER'S CONSUMER STATUS

The only issue on appeal is whether Miller is a "consumer" under the DTPA. "The DTPA protects a consumer from 'false, misleading, or deceptive acts or practices,' from an 'unconscionable action or course of action by any person,' and from the breach of an implied or express warranty in the conduct of any trade or commerce that is the producing cause of actual

damage." *Lukasik*, 21 S.W.3d at 400 (quoting TEX. BUS. & COM. CODE §§ 17.46(a), 17.50(a)(1)–(3)). To bring a DTPA claim, "a plaintiff must be a consumer." *Id.*

## A. Determining Consumer Status

"The question of consumer status under the DTPA is [a] question of law for the court to decide, unless there is a dispute concerning factual issues that create consumer status." *Id.* at 401. The DTPA defines "consumer" as follows:

> an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

TEX. BUS. & COM. CODE § 17.45(4). The DTPA defines "services," as used in the definition of "consumer," as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* § 17.45(2).

"To qualify as a consumer, the plaintiff must meet two requirements: (1) the person must seek or acquire goods or services by purchase or lease; (2) the goods or services purchased or leased must form the basis of the complaint." *Lukasik*, 21 S.W.3d at 401. "A plaintiff's standing as a consumer is established by his relationship to the transaction, not by a contractual relationship with the defendant." *Id.* "Consequently, a person need not be a direct purchaser to satisfy the requirement that he seek or acquire goods or services by purchase or lease." *Id.* (internal quotation marks omitted). "Therefore, in very limited situations, a third party beneficiary may qualify as a consumer of goods or services, as long as the transaction was specifically required by or intended to benefit the third party and the good or service was rendered to benefit the third party." *Id.*

## B. Analysis

Miller executed an affidavit in response to KTA's plea to the jurisdiction. In his affidavit, Miller stated:

> A reporter from [KTA] was hired by opposing counsel for depositions of [my] clients in the *Burman* case pursuant to an agreement between [KTA] and the opposing counsel. During the deposition I was asked whether my clients and myself would like the original copies of the Plaintiffs' depositions for purposes of read and sign review as allowed under the Federal Rules of Civil Procedure. I answered in the affirmative and requested the originals be sent to me for signature pursuant to the rules. The original transcripts were never provided to me by [KTA] per my instructions at the deposition.

Miller also stated KTA misrepresented to him and the court that Miller had waived the right to review the transcripts under Rule 30(e). Miller further swore that KTA refused to provide a copy of the deposition transcripts without payment and sent invoices to Miller. In his brief, Miller also argues KTA sought to collect fees from him that he never agreed to pay, which is a violation of section 393.303 of the Texas Finance Code. *See* TEX. FIN. CODE § 392.303(a)(2).

We begin by noting Miller did not allege a separate Texas Finance Code claim.[1] Miller alleged a violation of the Finance Code as a "tie in" for a DTPA claim. Thus, the alleged violations of the Finance Code may be asserted as a DTPA claim only if Miller is a "consumer" under the DTPA. *See Lukasik*, 21 S.W.3d at 400. However, Miller's admission that he never agreed to purchase a copy of the transcripts from KTA, and sought to review the transcripts as a matter of right under Rule 30(e)—and never received the transcript—establishes Miller did not seek KTA's services by "purchase or lease" and he never "acquired" KTA's services. *See* TEX. BUS. & COM. CODE § 17.45(4). Although Miller relies on KTA's invoices to show he is a consumer, Miller's affidavit establishes he never received the transcripts and he refused to pay the invoices because he never agreed to purchase them. Miller's affidavit also establishes he was not a party to the agreement between KTA and defense counsel for KTA to provide court reporting services. Miller was therefore not a "consumer" by virtue of any direct transaction he had with KTA. *See Lukasik*,

---

[1] Miller's Finance Code allegation was also different in the trial court. Miller pled a violation of 392.301(2), (3), and (8).

21 S.W.3d at 401 (stating that to be a consumer, "the person must seek or acquire goods or services by purchase or lease").

Because Miller was not a direct purchaser, Miller may be a DTPA "consumer" only if this case presents one of the "very limited situations" in which third-party beneficiary status qualifies him as a consumer. *See id.* To be a "consumer" under this rule: (1) KTA's court reporting services must have been "specifically required by or intended to benefit" Miller and the "service was rendered to benefit" Miller; and (2) KTA's services to defense counsel "form the basis of [Miller's] complaint." *See id.* The evidence establishes Miller did not specifically require KTA to provide defense counsel with court reporting services; instead, defense counsel noticed the depositions. Furthermore, we cannot say that defense counsel's deposition of a plaintiff and securing court reporting services are actions intended to benefit plaintiff's counsel. And, there is no assertion that KTA provided defense counsel court reporting services to benefit Miller. We therefore hold Miller is not a "consumer" as a third-party beneficiary of KTA's agreement with defense counsel. *See id.*

Miller argues he was a necessary party to the agreement between KTA and defense counsel because court rules governing the taking of depositions gave him the benefit of reviewing the deposition transcripts. To support his position, Miller cites *DeWitt County Electrical Co-op., Inc. v. Parks*. 1 S.W.3d 96 (Tex. 1999). In *Dewitt*, the Supreme Court of Texas held plaintiffs were DTPA "consumers" because, although the plaintiffs had granted the defendant a property easement and easements usually do not involve the provision of services, plaintiffs and defendants had entered into an agreement for electrical services. *Id.* at 99. Here, however, Miller never entered into an agreement with KTA for services.

Miller cites several other cases in which courts have held a plaintiff was a DTPA "consumer" without a direct contractual relationship with the defendant. In these cases, courts have extended consumer status in very limited situations to include a plaintiff when the services were

"specifically required by or intended to benefit" the plaintiff. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 815 (Tex. 1997) (plaintiff sued accounting firm hired at direction of plaintiff and for plaintiff's benefit in acquiring company firm audited); *Kennedy v. Sale*, 689 S.W.2d 890, 892 (Tex. 1985) (plaintiff sued insurance company hired by plaintiff's employer to provide employees with insurance coverage); *Flenniken v. Longview Bank & Tr. Co.*, 661 S.W.2d 705, 707 (Tex. 1983) (plaintiffs sued bank that foreclosed on mechanic's lien after lien assigned to bank); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 537 (Tex. 1981) (plaintiff-homebuyers sued sellers' agent). These cases are distinguishable because KTA's services were not specifically required by Miller or intended to benefit him, and thus Miller is not a third-party beneficiary of KTA's agreement with defense counsel.

The purposes of the DTPA are "to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection," and we must construe the DTPA's terms in furtherance of those purposes. TEX. BUS. & COM. CODE § 17.44(a). But the DTPA's consumer-protection purposes are not furthered by expanding the third-party beneficiary rule to include every party who indirectly benefits from the provision of services. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 925 (Tex. 2013). In *Coinmach*, the supreme court held that a landlord who leased space to a company that provided laundry services to tenants was not a DTPA consumer in a suit against the company because, although the landlord was entitled to rent payments from the company, the company's laundry services were primarily intended to benefit the landlord's tenants, not the landlord. *See id.* At best, Miller was to receive an indirect benefit from KTA's services by requesting a copy of the deposition transcripts. However, an indirect benefit is not sufficient to establish a plaintiff's consumer status under the DTPA. *See id.* We hold the trial court properly determined Miller is not a consumer under the DTPA.

## CONCLUSION

Miller asserted only DTPA claims against KTA. Only consumers may allege DTPA claims. Because Miller is not a consumer under the DTPA, we overrule Miller's sole issue on appeal and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice