# Supreme Court of Texas

No. 24-0828

Manohar Singh Mann, Narinder Singh Nagra,
and Bhupinder Singh,

*Petitioners,*

v.

Sikh National Center, Inc.,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

JUSTICE YOUNG, concurring in the denial of the petition for review.

The Uniform Declaratory Judgments Act allows a court to award attorney's fees to either party or to none—even to a party who does not prevail on the merits—so long as the fees are "reasonable and necessary" and "equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009. What about when the trial court lacks jurisdiction over the underlying claims? This Court recently held that fee awards are not available in that situation under the Texas Citizens Participation Act. *See Tex. Right to Life v. Van Stean*, 702 S.W.3d 348, 356–57 (Tex. 2024). The Court has

not, however, decided whether the same is true of UDJA fees. Because I conclude that this case is not a good vehicle for considering that question, I agree with the Court's decision to deny the petition. I write separately to explain why and to note the need for the lower courts, and eventually this Court, to address the question in an appropriate case.

## I

Petitioners were directors and members of respondent Sikh National Center, Inc. (SNC), a nonprofit organization that operates a place of worship. SNC sued petitioners and Wells Fargo, alleging that petitioners conducted a sham election, illegally asserted rights to and interfered with SNC's bank accounts, and opened an unauthorized bank account. SNC sought declaratory and temporary injunctive relief as well as attorney's fees under the UDJA. Petitioners filed a plea to the jurisdiction arguing that the ecclesiastical-abstention doctrine deprived the trial court of subject-matter jurisdiction. They also filed a counterclaim requesting a declaration that their actions were authorized. (This potential inconsistency—"ecclesiastical abstention bars *their* claim but not ours"—turns out to be significant later.)

The trial court signed an order denying SNC's application for a temporary injunction, stating that it lacked jurisdiction under the ecclesiastical-abstention doctrine. The court determined that it could not decide the dispute by applying only neutral principles of law because the composition of SNC's board was based on religious standards. Yet the court did not dismiss SNC's lawsuit. In February 2021, after the trial court denied the temporary injunction, SNC's board met and officially rejected petitioners' actions and determined that they were unauthorized.

2

Petitioners also filed a separate lawsuit against SNC seeking access to certain financial records under Business Organizations Code § 22.351. The trial court consolidated their suit with SNC's suit. The parties filed motions for summary judgment regarding their claims. Petitioners also filed a partial motion to dismiss, arguing that the trial court had jurisdiction over only their claims. Both sides sought attorney's fees. The court granted SNC's motion for summary judgment and ordered petitioners to abide by the February 2021 board vote. The court also ordered SNC to produce certain documents. After a bench trial on fees, the court signed a final judgment awarding fees to SNC. Petitioners appealed.

In their appellants' brief to the court of appeals, petitioners argued that the trial court erred in awarding fees to SNC because it had previously determined that it lacked jurisdiction. The brief did not challenge the trial court's summary judgment requiring them to abide by the board's order, nor did it argue that the trial court also lacked jurisdiction over *petitioners'* claims. The court of appeals held that the trial court could award attorney's fees under the UDJA "even if the trial court cannot rule on the merits for some reason, such as a lack of subject-matter jurisdiction over the controversy." No. 14-23-00272-CV, 2024 WL 3616685, at *2 (Tex. App.—Houston [14th Dist.] Aug. 1, 2024). The court further explained that it did not need to decide whether the ecclesiastical-abstention doctrine applied to SNC's claims because the trial court could have awarded fees in connection with petitioners' claims. *Id.*

Petitioners filed a motion for rehearing in which, apparently for the first time, they argued that "the trial court had no jurisdiction over *any* of the declaratory judgment claims raised in the trial court because they

3

were all related to the exact same subject matter." (Emphasis added.) They argued that the court of appeals was required to determine whether the trial court had subject-matter jurisdiction. The court summarily denied the motion for rehearing.

In this Court, petitioners argue that the trial court awarded fees pursuant to SNC's claims, not petitioners'. They also argue that the court of appeals was required to determine whether the trial court had jurisdiction over *any* of the claims.

**II**

We recently explained that a claim for TCPA fees and sanctions could breathe life into an otherwise moot appeal if—but only if—the movant prevailed before the substantive claim became moot. *Van Stean*, 702 S.W.3d at 356 (discussing *State ex rel. Best v. Harper*, 562 S.W.3d 1 (Tex. 2018)); *see also Tex. Dep't of Fam. & Protective Servs. v. Grassroots Leadership, Inc.*, ___ S.W.3d ___, 2025 WL 1642437, at *14 (Tex. May 30, 2025) ("In other words, the issue that animated a lawsuit may become moot, but if a statute entitles a litigant to fees based on the merit of the claim, what *seems* like a moot case may remain live."). We then explained that if the plaintiffs lacked standing, no court would *ever* have had jurisdiction to declare the TCPA movant to be a prevailing party. *Van Stean*, 702 S.W.3d at 356. In that situation, a court could never properly award fees under the TCPA. *See id.*

But while the TCPA is a *prevailing*-party statute, the UDJA allows the court to award fees to *either* party based on equitable principles. *See* Tex. Civ. Prac. & Rem. Code § 37.009. This Court noted the distinction between these two types of statutes in *Harper*. 562 S.W.3d at 7.

4

Although we have not directly addressed whether a court may award attorney's fees in the absence of *jurisdiction* over the underlying claims, we have held that "[t]he plain language of the UDJA authorizes courts to award equitable and just fees in *any proceeding* under the Act; it does not require the trial court to consider or render judgment on the merits of that claim." *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020). And several courts of appeals have held that jurisdiction over the underlying UDJA claim is not a prerequisite to awarding fees under the statute. *See, e.g.*, *Devon Energy Prod. Co. v. KCS Res., LLC*, 450 S.W.3d 203, 220 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685–86 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Castro v. McNabb*, 319 S.W.3d 721, 735–36 (Tex. App.—El Paso 2009, no pet.). At least one court of appeals, however, has held that because the trial court lacked jurisdiction to consider the plaintiff's "breach of contract and declaratory judgment claims, it also was without jurisdiction to award [the plaintiff] attorney's fees based on the judgment it entered on those claims." *N.E. ISD v. Kelley*, 277 S.W.3d 442, 445 (Tex. App.—San Antonio 2008, no pet.).

Certainly, a court totally lacking jurisdiction "can make no order other than . . . dismissing the cause." *Van Stean*, 702 S.W.3d at 356 (quoting *Diocese of Lubbock v. Guerrero*, 624 S.W.3d 563, 564 (Tex. 2021)). My tentative view—subject to refinement in an appropriate case—is therefore that a trial court that wholly lacks subject-matter jurisdiction over a UDJA claim cannot award attorney's fees based either on the merits of that claim or on the effort spent advancing or defending against it. But that does not mean that a court may never award fees based on the

5

litigation over the jurisdictional question *itself*.

Truly frivolous lawsuits can result in sanctions, of course, wholly independent of a fee-shifting statute. *Id.* at 357. But there may be even more in the UDJA context. "[C]ourts always have jurisdiction to determine their own jurisdiction." *Id.* at 355 (quoting *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007)). Courts necessarily also have jurisdiction to conduct proceedings to make that determination. And the litigation over that question may be able to support an equitable award of fees because it is a "proceeding" under the UDJA. *See* Tex. Civ. Prac. & Rem. Code § 37.009. Such an award is not rendered without subject-matter jurisdiction because there is jurisdiction to determine jurisdiction, just not to reach the merits.

Depending on the nature of the underlying claims and the jurisdictional defect ultimately uncovered, that litigation may be quick and narrowly focused or so broad as to be almost coextensive with the merits. *See, e.g.*, *Tex. S. Univ. v. Young*, 682 S.W.3d 886, 887 (Tex. 2023) (Young, J., concurring in the denial of the petition for review and the petition for writ of mandamus) ("If the waiver of immunity is tethered to specific factual prerequisites, the only way to know if immunity has been waived is to determine if the necessary facts exist. The path to that destination often passes through jurisdictional discovery."). A trial court would need to consider the extent of the jurisdictional litigation when exercising its discretion to award, or not award, fees. But if the mere absence of jurisdiction over the underlying claims does not categorically foreclose the award of any fees, then the entire premise of the petition for review in this case—that the court of appeals necessarily erred in refusing

6

to consider subject-matter jurisdiction over the UDJA claims before affirming the award of fees—is mistaken.

In any event, this case is not a good vehicle for the Court to resolve these issues. For one thing, the trial court's jurisdictional rulings are far from clear. As mentioned above, the court failed to dismiss the case even after it concluded that it lacked subject-matter jurisdiction. But one reading of those rulings is that the court understood itself to lack jurisdiction over a particular kind of *inquiry* but not necessarily or inexorably over the entire lawsuit. *See, e.g.*, *S. Methodist Univ. v. S. Cent. Jurisdictional Conf. of the United Methodist Church*, ___ S.W.3d ___, 2025 WL 1797692, at *21 (Tex. June 27, 2025) (Young, J., concurring) (observing that in the church-autonomy context, "jurisdictional limitations are granular; they are not necessarily case-level decisions" and that "[t]he lack of civil jurisdiction over religious questions, therefore, does not necessarily entail a lack of jurisdiction over the *entire* dispute"). The court eventually ruled in favor of SNC, suggesting that it was satisfied that no form of the church-autonomy doctrine barred it from proceeding. Perhaps the church-autonomy doctrine can *require* a court to proceed, if doing so is necessary to protect church autonomy, after all. *See id.* at *21–22. The courts are not closed to a religious entity that alleges theft of its property, various other torts, or breach-of-contract claims, *so long as* a court is not required to make determinations of religious doctrine or otherwise intrude into areas reserved only for religious authorities. It would be a perversion of the church-autonomy doctrine, not a manifestation of it, to deny religious organizations the protections of the civil law.

7

For another, the court of appeals did not cleanly hold that it could affirm the fee award in the absence of subject-matter jurisdiction over *any* UDJA claim. True, it stated that a trial court can award fees even if its lacks subject-matter jurisdiction over the controversy. 2024 WL 3616685, at *2. But the court then based its ruling on its view that "[t]he trial court could have awarded SNC attorney's fees pursuant to *appellants' UDJA action,* even if the trial court did not have subject-matter jurisdiction over *SNC's declaratory judgment action.*" *Id.* (emphasis added). That is, because each party had brought UDJA claims, the trial court's fee award could have been tied to petitioners' claims. And up until the time the court of appeals issued its decision, petitioners had argued that the trial court *did not* have subject-matter jurisdiction over SNC's claims but *did* have jurisdiction over theirs. Petitioners then further complicated the case by arguing in their motion for rehearing, and later in their petition for review, that the trial court lacked jurisdiction over *all* the claims, even their own. If that were true, it would negate one ground for the court of appeals' decision—that the trial court could have awarded the fees based on petitioners' claims.

We could not possibly answer the question that matters in this case—the authority to award fees in the absence of subject-matter jurisdiction—until we actually confirm that there *was* a lack of subject-matter jurisdiction. And both lower courts apparently believed that they had jurisdiction over at least some of the UDJA claims. The various complications that I have described show why it would be better to wait for a case in which collateral issues of these kinds would not threaten to consume the case. Seeing how the courts of appeals address the issue in

light of *Van Stean* would also be useful. I accordingly agree with the Court's decision to deny the petition, but I anticipate a future case in which the Court will thoroughly examine whether a court may award UDJA fees even if it lacks jurisdiction over all UDJA claims.

                                                Evan A. Young
                                                Justice

**OPINION FILED:** July 25, 2025