# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00592-CV

**Mark Polansky and Landrah Polansky, Appellants**

**v.**

**Pezhman Berenji and John Berenjy, Appellees[1]**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 10-1472-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## O P I N I O N

Appellants Mark and Landrah Polansky appeal from the trial court's order granting summary judgment and awarding attorneys' fees of $1,000 to appellees Pezhman Berenji and John Berenjy (collectively, the "Builders"). In two issues, the Polanskys assert that the trial court erred by (1) granting summary judgment after they had nonsuited their claims and (2) awarding attorneys' fees to the Builders because no legal basis existed for the fee award and the Builders had no affirmative claim for relief or viable motion for fees pending at the time of the nonsuit. We will reverse and render judgment that the Polanskys' claim is dismissed without prejudice and the Builders take nothing in attorneys' fees.

---

[1] This case was originally styled Mark Polansky and Landrah Polansky, Appellants v. Pezhman Berenji, John Berenjy, and Johnny S. Ramirez, Appellees. We have amended the style of the case. Ramirez is not a party to this appeal because the order from which the Polanskys appeal is the order granting Pezhman Berenji and John Berenjy's motion for summary judgment.

## BACKGROUND

In October 2010, the Polanskys sued the Builders and Johnny S. Ramirez for breach of a contract to build the Polanskys' house. The Builders answered with a general denial, but also included a request for "costs of court, attorney's fees, and such other and further relief as [the Builders] may be entitled to in law and equity," if the court entered judgment in their favor.

On June 13, 2011, the Builders moved for a no-evidence summary judgment. They asserted that (1) an adequate time for discovery had passed and the Polanskys had answered discovery on December 9, 2010, (2) Landrah Polansky had failed to appear for a deposition noticed for June 2, 2011, (3) the Polanskys had failed to respond to a proper discovery request and thus were in contempt, and (4) the Polanskys could not produce evidence of any of the elements of their breach-of-contract claim, including evidence of a contract. The Builders requested that the court grant their summary-judgment motion and "dismiss [the Polanskys'] claims with prejudice to refiling of same and that the [c]ourt award [the Builders] reasonable and necessary attorney's fees *incurred in this matter*." (Emphasis added.) The Builders did not, however, state a statutory or contractual basis for their request for attorneys' fees or move for sanctions.

The Polanskys filed a notice of nonsuit and asked that the court "enter a nonsuit without prejudice on all claims pending against Defendants" on June 30, 2011. On the same day, the Builders filed a response to the notice of nonsuit, in which they asserted that the Polanskys "cannot nonsuit [the Builders'] attorney's fees claims NOR their summary judgment motion, which includes attorney's fees for failure to show up at the properly noticed deposition." The Builders argued that Texas Rule of Civil Procedure 162 makes clear that a nonsuit has no effect on "any

2

motion for sanctions, attorney's fees or other costs." They also argued that a court does not lose jurisdiction to sanction a party for discovery abuse even after a nonsuit is filed and granted, citing *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam). The Builders stated their intent to appear "at the *summary judgment hearing* asking for lawyer's fees as both the motion and pleadings do" and noted that the hearing was set for July 6, 2011. (Emphasis added.)

On July 6, 2011, the trial court granted summary judgment for the Builders and awarded them $1,000 in attorneys' fees.[2] The Polanskys filed a motion for new trial in which they asserted two grounds. First, they argued that the trial court was without jurisdiction to grant summary judgment because they had nonsuited their claims. Second, they argued that the trial court should not have granted attorneys' fees because the Builders' summary-judgment motion had not requested sanctions and the Builders had not produced evidence of the alleged sanctionable conduct or the amount, reasonableness, or necessity of the attorneys' fees.

The Builders responded to the motion for new trial. In their response, they focused on case law that they asserted supports the proposition that the requests for attorneys' fees in their answer and their summary-judgment motion constitute an affirmative claim for relief that is not affected by a nonsuit. They conceded that the attorneys' fees award was not a sanction for Landrah

---

[2] The Polanskys noted in their motion for new trial that the court erroneously dated the order "June 6, 2011" and requested that the trial court modify the order to reflect the "July 6, 2011" date that the motion was actually heard. No modified order appears in the record. We note that the motion for summary judgment was filed on June 13, 2011—after June 6, 2011. Furthermore, the docket sheet reflects that a hearing on a motion for summary judgment was held on July 6, 2011 at 9:00 a.m. Also, the Builders did not file a brief and thus have not challenged any of the Polanskys' representations in their Statement of Facts. *See* Tex. R. App. P. 38.1(g) (court accepts facts stated as true unless another party contradicts them).

3

Polansky's failure to appear at a deposition, stating that the certificate of non-appearance was part of the record and that the trial court could still "and perhaps should still add to the judgment" by sanctioning Landrah's failure to appear.[3] In other words, they acknowledged that the court had not considered evidence of Landrah's failure to appear at a deposition when ruling on the summary-judgment motion, but asserted that it could still do so in the future.

In reply, the Polanskys asserted that the Builders had not argued—because they could not—that the trial court properly granted summary judgment on the merits of the claims that the Polanskys had nonsuited. They also argued that the Builders' request for attorneys' fees was not an independent claim (unlike the statutory fee claims in the cases cited by the Builders) and that they had failed to plead or prove any basis for a fee award. They further challenged the Builders' assertion that the summary-judgment motion amounted to a request for sanctions because no request for sanctions had been made in the motion or set for hearing on the date of the hearing on the summary-judgment motion.

The motion for new trial was overruled by operation of law on September 20, 2011. This appeal followed.

## DISCUSSION

The Polanskys challenge the trial court's order on two grounds. First, they contend that the trial court erred by granting summary judgment on their breach-of-contract claim after they filed their notice of nonsuit because the nonsuit immediately rendered the merits of the claim moot.

---

[3] For clarity, when we refer to the Polanskys individually, we will use their first names.

4

Second, they assert that the trial court erred by awarding attorneys' fees to the Builders because there was no legal basis for the award and no active claim for affirmative relief or viable motion for attorneys' fees pending at the time of the nonsuit.

**Law governing nonsuits under Texas Rule of Civil Procedure 162**

Under Texas Rule of Civil Procedure 162, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." The granting of a nonsuit is merely a ministerial act, and the trial court generally has no discretion to refuse to dismiss the suit. *University of Tex. Med. Branch at Galveston v. Estate of Darla Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). A nonsuit is effective when it is filed; it "extinguishes a case or controversy from 'the moment the motion is filed' or an oral motion is made in open court." *Id.* "It renders the merits of the nonsuited case moot." *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Although rule 162 allows the trial court to hold hearings and enter orders affecting costs, attorneys' fees, and sanctions after a nonsuit is filed, the rule "does not forestall the nonsuit's effect of rendering the merits of the case moot." *University of Tex. Med. Branch*, 195 S.W.3d at 101.

Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. *Id.* Rule 162 provides that the plaintiff's right to nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk." Tex. R. Civ. P. 162; *see also University of Tex. Med. Branch*, 195 S.W.3d at 100. A claim for affirmative relief must allege a cause of action—independent of the plaintiff's claim—upon which the claimant

5

could recover compensation or relief even if the plaintiff abandons or is unable to establish his cause of action. *University of Tex. Med. Branch*, 195 S.W.3d at 101. In addition, a dismissal "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal." Tex. R. Civ. P. 162.

We first turn to the second issue raised by the Polanskys to determine whether the Builders' claim for attorneys' fees constituted a pending claim for affirmative relief at the time of the nonsuit before we address the trial court's decision to grant summary judgment on the merits.[4]

**Award of attorneys' fees**

We review a trial court's award of attorneys' fees for abuse of discretion. *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (orig. proceeding). We also review a trial court's imposition of sanctions for abuse of discretion. *See Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles, or if it rules without supporting evidence. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). We will review the record to determine whether the trial court followed guiding rules and principles. *Id.* The trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence

---

[4] We need not separately address whether the Builders had a viable motion for attorneys' fees pending at the time of the nonsuit because we necessarily will address that point when deciding whether their request for fees was a claim for affirmative relief. *See University of Tex. Med. Branch at Galveston v. Estate of Darla Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100-01 (Tex. 2006) (per curiam) (explaining that rule 162 protects substantive right of party to be heard on claim for affirmative relief after nonsuit and also provides trial court with discretion to defer signing order of dismissal for reasonable time to hold hearings on matters collateral to merits).

supports its decision.  *Id.*  But if its decision is contrary to the only permissible view of probative, properly admitted evidence, then we must find that the trial court has abused its discretion.  *Id.*

A claim for attorneys' fees based solely on defending against the other party's claims is not a request for affirmative relief, but if the fees claim is based on an independent ground or sanction, it is a request for affirmative relief.  *See Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008) (citing *Leon Springs Gas Co. v. Restaurant Equip. Leasing Co.*, 961 S.W.2d 574, 578 (Tex. App.—San Antonio 1997, no pet.)).  At the time the Polanskys nonsuited their breach-of-contract claim, the Builders' only live pleadings were their original answer and their no-evidence summary-judgment motion.  In the answer, the Builders requested attorneys' fees in their prayer. In the conclusion of their summary-judgment motion, the Builders requested that they be awarded reasonable and necessary attorneys' fees "incurred in this matter." Neither the answer nor the motion stated any basis for the requested award.  After the summary-judgment hearing, the trial court awarded attorneys' fees to the Builders in the amount of $1,000, "jointly and severally against [the Polanskys]," without stating the basis for the fee award.

We first consider whether the Builders' claim for attorneys' fees was based on an independent ground.  Texas law does not allow recovery of attorneys' fees unless authorized by statute or by contract. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees.").  Although both the Builders' answer and motion requested attorneys' fees, neither pleading stated a statutory or contractual basis for the attorneys' fees request.

The Polanskys' only claim was a breach-of-contract claim.  In their petition, they sought attorneys' fees under chapter 38 of the civil practices and remedies code. *See* Tex. Civ. Prac.

& Rem. Code § 38.001(8) (West 2008) (establishing that person may recover reasonable attorney's fees in addition to amount of valid claim and costs if claim is based on oral or written contract). A claim for attorneys' fees made in connection with a contract dispute is only a claim for affirmative relief if it is made in connection with a claim for damages under the contract. *See Leon Springs*, 961 S.W.2d at 578.

In this case, the Builders made no claim for damages connected with the underlying contract; they answered the Polanskys' breach-of-contract claim with a general denial and did not present any claim of their own. Chapter 38 does not provide for recovery of attorneys' fees by defendants who only defend against a plaintiff's contract claim and do not present their own contract claim. *See American Airlines, Inc. v. Swest, Inc.*, 707 S.W.2d 545, 547 (Tex. 1986) (holding defendant could not recover attorneys' fees under predecessor to statute 38.001 when defendant did not present contract claim); *see also, e.g.*, *Brockie v. Webb*, 244 S.W.3d 905, 910 (Tex. App.—Dallas 2008, pet. denied) ("Section 38.001 does not provide for attorney's fees in the pure defense of a claim."); *Energen Resources MAQ, Inc. v. Dalbosco*, 23 S.W.3d 551, 558 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (holding defendant that did not present its own claim under chapter 38 could not recover attorneys' fees). Therefore, even if it had been asserted, chapter 38 does not provide any basis for the trial court's award of attorneys' fees, and the Builders have no claim for affirmative relief under chapter 38. The trial court abused its discretion to the extent that it awarded the Builders their attorneys' fees as the prevailing parties without a statutory or contractual basis to do so.

We will also consider whether the trial court could have properly awarded attorneys' fees as sanctions based on the Builders' summary-judgment motion. The Builders' response to the nonsuit appears to seek to have their summary-judgment motion construed as a motion for sanctions. Although in their summary-judgment motion the Builders did not move for sanctions or identify any rule or statute under which they sought sanctions, they asserted in their nonsuit response that the Polanskys "cannot nonsuit [the Builders'] attorney's fees claims NOR their summary judgment motion, *which includes attorney's fees for failure to show up at the properly noticed deposition.*" (Emphasis added.) But they again failed in their nonsuit response to move for sanctions or to identify any statute or rule as the basis for a motion for sanctions, attorneys' fees, or other costs. And while the Builders' summary-judgment motion suggests that Landrah was in contempt for failure to appear at a deposition, the motion seeks only attorneys' fees "*incurred in this matter*"—not attorneys' fees as sanctions for Landrah's failure to appear. (Emphasis added.) Even if we were to construe the Builders' motion as a motion for sanctions, a trial court may not award sanctions on a basis not asserted in the motion. *See Greene v. Young*, 174 S.W.3d 291, 298-301 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (reversing sanctions awarded because parties did not have notice of legal basis or conduct under consideration for sanctions); *Ball v. Rao*, 48 S.W.3d 332, 338 (Tex. App.—Fort Worth 2001, pet. denied) (holding trial court erred by imposing sanctions under section 9 of civil practice and remedies code because claim for sanctions was based solely on section 10 of code and rule 13 of rules of civil procedure). Neither the summary-judgment motion nor the response to the nonsuit sets forth a basis or includes a motion for sanctions.

The Builders also pointed out in their nonsuit response that a court does not lose jurisdiction to sanction a party for discovery abuse even after a nonsuit is filed and granted, citing *In re Bennett*, 960 S.W.2d at 38. *See also Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596-97 (Tex. 1996) (per curiam) (noting that whether sanction survives nonsuit depends on purpose served by imposing sanction). But the Builders did not move for sanctions after the nonsuit was filed. Moreover, nothing in the record indicates that the trial court considered either the summary-judgment motion or the response to the nonsuit as a motion for sanctions. The Builders did not attach any evidence supporting a motion for sanctions to either the summary-judgment motion or the response to the nonsuit. The summary-judgment hearing was not an evidentiary hearing. The trial court's order does not mention sanctions.

In addition, although the Builders filed a certificate of non-appearance with the trial court on June 21, 2011, the certificate was not part of the summary-judgment record. And it is clear from the Builders' reference to it in a pleading filed after the order that the trial court did not consider the certificate at the summary-judgment hearing on July 6, 2011, and that the trial court did not award attorneys' fees as sanctions for Landrah's failure to appear at a deposition. The Builders stated in their response to the Polanskys' motion for new trial that:

> [T]he Polanskys should be careful pursuing this Motion [for New Trial], because a third prong of Texas law provides that a Court may issue sanctions for discovery abuse against any party *even after a judgment has been rendered* and it is clear by the Certificate of Non-Appearance filed with the Court on June 21, 2011 and part of the court's record that Landrah Polansky failed to appear at a duly noticed deposition—*the Court can and perhaps still should add to the judgment for the Non-Movants by sanctioning this admittedly abusive behavior*.

10

(Emphasis added.) The Builders did not, however, move for sanctions after the trial court rendered its judgment. Therefore, to the extent that the trial court awarded sanctions on a rule or statutory basis never asserted by the Builders in a motion for sanctions and without supporting evidence, it abused its discretion. *See Greene*, 174 S.W.3d at 299-301; *Unifund CCR*, 299 S.W.3d at 98 (holding trial court abused discretion by assessing sanctions without supporting evidence).

Because we must consider "whether the court acted without reference to any guiding rules and principles," *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985), we will also consider whether the trial court could have appropriately imposed sanctions on its own initiative without a motion. A court may impose sanctions on its own initiative under civil practice and remedies code chapter 10, Texas Rules of Civil Procedure 13 and 191.3, and its own inherent power, but it first must provide notice and a show-cause hearing to the person to be sanctioned. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.002(b), .003 (West 2002); Tex. R. Civ. P. 13; *see also In re Bennett*, 960 S.W.2d at 40; *Greene*, 174 S.W.3d at 298 ("The traditional due process protections of notice and hearing are also required before a trial court can impose sanctions on a party pursuant to its inherent power to sanction."). Furthermore, "[a] court cannot invoke its inherent power to sanction without some evidence and factual findings that the conduct complained of significantly interfered with the court's legitimate exercise of one of its traditional core functions." *Kennedy v. Kennedy*, 125 S.W.3d 14, 19 (Tex. App.—Austin 2002, pet. denied).

In this case, it is undisputed that the trial court never noticed or held a court-initiated evidentiary hearing on sanctions. The order is entitled "Order Granting Summary Judgment," and it notes that "a hearing was held on the Motion for Summary Judgment" and that the court grants

11

"this Motion." Nevertheless, to the extent that the trial court imposed sanctions on its own initiative without (1) notice issued before the hearing, (2) an evidentiary hearing, or (3) factual findings, it abused its discretion. *See Unifund CCR*, 299 S.W.3d at 98 (holding trial court abused its discretion by assessing sanctions based on inadmissible document); *Kennedy*, 125 S.W.3d at 19 (holding court erred by striking pleadings without evidence that complained-of conduct significantly interfered with court's legitimate exercise of traditional core function).

There is no evidence in the record that shows the trial court followed guiding rules and principles in awarding attorneys' fees. *See Unifund CCR*, 299 S.W.3d at 97. From the record before us, we cannot reasonably conclude that the trial court's award of attorneys' fees was based on an independent ground or sanction. We conclude that there was no legal basis for awarding attorneys' fees and that the Builders did not have an active claim for affirmative relief or a viable motion for attorneys' fees pending at the time of the nonsuit. Consequently, we find the trial court abused its discretion in awarding $1,000 in attorneys' fees to the Builders. Therefore, we sustain the Polanskys' second issue. We will reverse the award of $1,000 in attorneys' fees and render judgment that the Builders take nothing.

**Grant of summary judgment after nonsuit filed**

We now turn to the Polanskys' first issue challenging the trial court's grant of the Builders' no-evidence summary-judgment motion after the Polanskys filed the notice of nonsuit. The Builders filed a response to the nonsuit in which they argued that the Polanskys could not nonsuit the Builders' summary-judgment motion or the Builders' requests for attorneys' fees. The

12

Builders continued to argue in their response to the Polanskys' motion for new trial that the nonsuit did not dispose of the Builders' summary-judgment motion and answer because in those pleadings they made an affirmative claim for attorneys' fees, which was not affected by the Polanskys' nonsuit.

Under rule 162, "[i]f a defendant does nothing more than resist plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit." *General Land Office v. OXY U.S.A. Inc.*, 789 S.W.2d 569, 570 (Tex. 1990). As stated above, unless the Builders have alleged a cause of action upon which they could recover independent of the Polanskys' claim, they have not stated a claim for affirmative relief that precludes a nonsuit. *See id.* The Builders never asserted any counterclaims or affirmative defenses. The non-specific request in their answer and summary-judgment motion for attorneys' fees is the only request that could potentially constitute a claim for affirmative relief. As discussed above, the Builders' claim for attorneys' fees was not a claim for affirmative relief independent of the Polanskys' claim, and the Builders did not have a viable motion for attorneys' fees or sanctions pending at the time of the nonsuit. Thus, the Polanskys were entitled to a dismissal without prejudice of their breach-of-contract claim against the Builders immediately upon filing the nonsuit. *See Fowler v. Epps*, 352 S.W.3d 1, 3-4 (Tex. App.—Austin 2010) (holding court erred by disposing of plaintiffs' claims on merits after nonsuit filed instead of dismissing case without prejudice), *rev'd on other grounds*, 351 S.W.3d 862, 864 (Tex. 2011). The trial court erred by granting summary judgment and dismissing the Polanskys' breach-of-contract claim with prejudice. We sustain the Polanskys' first issue. We will reverse the trial court's judgment and render judgment that the Polanskys' breach-of-contract claim is dismissed *without* prejudice.

13

## CONCLUSION

Having sustained the Polanskys' issues on appeal, we reverse the district court's judgment. We render judgment that the Polanskys' claim is dismissed without prejudice and that the Builders take nothing in attorneys' fees.[5]

_____

Diane M. Henson, Justice

Before Justices Puryear, Pemberton and Henson
  Concurring Opinion by Justice Pemberton

Reversed and Rendered

Filed: December 7, 2012

---

[5] The Polanskys have requested that we render an order tolling the statute of limitations on their claims from June 30, 2011 until the date of this opinion. We lack jurisdiction to decide whether the statute of limitations would be tolled and will not issue an advisory opinion on that issue. *See O'Neal v. Ector Cnty. Indep. Sch. Dist.*, 221 S.W.3d 286, 291-92 (Tex. App.—Eastland 2006) (holding limitations issue would not be a ripe controversy until party refiled claims after exhausting administrative remedies and opposing party raised limitations as defense), *aff'd on other grounds*, 251 S.W.3d 50 (Tex. 2008) (per curiam).

14