**Affirmed as Modified and Memorandum Opinion filed April 14, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00203-CV

## IN THE MATTER OF THE MARRIAGE OF MELBA JO MONTGOMERY AND LEO BRIAN MONTGOMERY

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-34055**

## MEMORANDUM OPINION

In a suit for divorce, Melba Jo Montgomery asserted tort claims against several individual and corporate defendants, alleging, among other things, that these defendants conspired to defraud her of her community property. Three of the defendants, excluding Melba's husband, moved for summary judgment on traditional and no-evidence grounds. For ease of reference, we identify these three defendants as the "Tort Defendants." The Tort Defendants had no pending counterclaims or affirmative claims for relief. In their motion, they simply asked for a take-nothing judgment against Melba.

On October 31, 2014, before the hearing on the Tort Defendants' motion for summary judgment, Melba filed a notice of nonsuit. Melba asserted that she no longer desired to prosecute her suit against her husband, the Tort Defendants, or any of the remaining parties. Despite Melba's nonsuit, the trial court signed an order on November 12, 2014, granting a summary judgment in favor of the Tort Defendants. That judgment was rendered final and appealable by another order, signed the same day, granting Melba's nonsuit.

Melba subsequently moved to set aside the summary judgment, but the trial court denied her motion. Melba now appeals, arguing that trial court should not have granted the summary judgment after she filed her notice of nonsuit.

Rule 162 of the Texas Rules of Civil Procedure provides that a plaintiff may nonsuit her claims at any time before she has introduced all of her evidence, other than rebuttal evidence. *See* Tex. R. Civ. P. 162. This right to nonsuit is absolute. *See Villafani v. Trejo*, 251 S.W.3d 466, 468–69 (Tex. 2008). A nonsuit has immediate effect, extinguishing the case or controversy from "the moment the motion is filed." *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

Although a plaintiff can render her claims moot with the filing of a nonsuit, a nonsuit cannot vitiate a prior decision on the merits, such as a partial summary judgment in favor of an adverse party. *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995) (per curiam). Similarly, a nonsuit cannot prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. *See* Tex. R. Civ. P. 162. An adverse party may even move for sanctions after the notice of nonsuit has been filed, provided that the trial court still has plenary power. *See Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (per curiam).

Melba filed her notice of nonsuit twelve days before the trial court signed an order granting the Tort Defendants' motion for summary judgment. The nonsuit was effective the moment Melba filed her notice, meaning her case was rendered moot immediately by the notice of nonsuit. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Because the case was moot, the trial court could not then render a summary judgment on the merits. *See Polansky v. Berenji*, 393 S.W.3d 362, 371 (Tex. App.—Austin 2012, no pet.). Thus, the trial court's summary judgment is erroneous and voidable. *See Joachim*, 315 S.W.3d at 864.

The Tort Defendants respond with several arguments for upholding the summary judgment. One of their arguments is that Melba did not serve them with notice of her nonsuit "in accordance with Rule 21a," as Rule 162 requires. The Tort Defendants appear to assert that Melba's allegedly deficient service deprived her nonsuit of its immediate effect. In support of this argument, the Tort Defendants rely on evidence attached to an affidavit, which they filed with their brief. Because the Tort Defendants have not demonstrated that this evidence is part of the appellate record, we cannot consider it. *See* Tex. R. App. P. 38.2 (the appellee's brief must conform with the requirements of Rule 38.1, which requires a clear and concise argument "with appropriate citations . . . to the record").

Even if we could consider evidence that Melba did not properly serve the Tort Defendants, we are bound by precedent that, to make the nonsuit effective, "the only requirement is the mere filing of the motion with the clerk of the court." *See Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam). There is no dispute that Melba filed her notice of nonsuit with the trial court on October 31, 2014, before the trial court signed its order granting the summary judgment.

3

The Tort Defendants' next point focuses on an entry in an electronic docket sheet, which reflects that the trial court rendered its summary judgment on the same day that Melba filed her notice of nonsuit. The docket sheet does not indicate an exact time of rendition. The Tort Defendants seize on this omission, pointing out in their brief that Melba has not demonstrated that the trial court granted its summary judgment *after* she filed her notice of nonsuit.

The Tort Defendants seem to suggest, by implication, that the trial court may have rendered its summary judgment *before* Melba filed her notice of nonsuit. But to even indulge this point, we would have to assign more weight to the docket sheet than the signed judgment that was entered into the record. The Texas Supreme Court has stated very clearly that we cannot do that: "A docket entry may supply facts in certain situations . . . but it cannot be used to contradict or prevail over a final judicial order." *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 799 (Tex. 1977) (orig. proceeding) (holding that the date of rendition as reflected in a docket sheet entry did not control over the date reflected in the written order); *see also Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 7 (Tex. 2002) ("Ordinarily, when there is a question concerning the date judgment was rendered, the date the judgment was signed prevails over a conflicting docket sheet entry.").

We also note that the file stamp on Melba's notice of nonsuit reflects an electronic filing at 3:56 a.m. on the morning of October 31, 2014. There is no indication that the trial court orally pronounced a decision in open court in the early hours of that day, before Melba filed her notice of nonsuit. Nor, during the same time period, is there any indication that the trial court issued a decision by memorandum filed with the clerk or otherwise publicly announced that it was granting a summary judgment in favor of the Tort Defendants. In fact, the motion for summary judgment was set for hearing on November 3, 2014. It would have

been error for the trial court to grant the motion before the hearing date. Therefore, the trial court's docket sheet is insufficient to effectuate a rendition on a date earlier than November 12, 2014, the date the trial court actually signed the summary judgment. *See Garza*, 89 S.W.3d at 6–7 (discussing the various ways that a trial court may render a judgment).

The Tort Defendants finally argue that the summary judgment should be upheld as a sanction under Rule 21b of the Texas Rules of Civil Procedure. The record reflects that the Tort Defendants moved for sanctions around noon on October 31, 2014, several hours after Melba filed her notice of nonsuit. The motion for sanctions was filed with the Tort Defendants' reply to Melba's response to the motion for summary judgment. The Tort Defendants complained that Melba had violated the rules of service because she electronically filed her response with the trial court, but she delivered a copy of the response to the Tort Defendants by certified mail. *See* Tex. R. Civ. P. 21a(a)(1) (documents filed electronically must be served electronically). As a sanction for this improper service, the Tort Defendants asked the trial court to strike Melba's response from the record.

On appeal, the Tort Defendants assert that the trial court could have dismissed Melba's suit with prejudice because that relief, though unsolicited, was also available to them under the rules. *See* Tex. R. Civ. P. 21b (authorizing the trial court to impose an appropriate sanction under Rule 215.2(b) when a party fails to properly serve another party with a copy of a pleading); Tex. R. Civ. P. 215.2(b)(5) (authorizing the trial court to strike a pleading or dismiss a suit with prejudice as a sanction). We disagree for at least two reasons. First, a trial court can only impose sanctions under Rule 21b "after notice and hearing," and in this case, the record does not reveal that a sanctions hearing was ever held. Second, the recitals in the summary judgment reflect that the trial court granted the summary judgment on the

5

merits for the reasons stated in the Tort Defendants' motion for summary judgment. The Tort Defendants did not request sanctions in their motion for summary judgment, and there is no mention in the judgment itself that the judgment was granted as a sanction.

We sustain Melba's first issue. There is no need for us to address Melba's remaining points challenging the merits of the summary judgment, which were waived in any event because they were raised for the first time in a reply brief. *See Zurita v. Lombana*, 322 S.W.3d 463, 477 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

We vacate the trial court's summary judgment, which was rendered final by the order granting Melba's nonsuit. We affirm the order of nonsuit as so modified and dismiss the claims against the Tort Defendants without prejudice.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, McCally, and Busby.