**Opinion issued February 17, 2022**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-20-00576-CV**

_____

**DRC CONSTRUCTION, Appellant**

**V.**

**KELLY PICKLE, Appellee**

**On Appeal from the County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Case No. CV-0086962**

**MEMORANDUM OPINION**

Dale Calcarone Sr., *d/b/a* DRC Construction, and Kelly Pickle entered into a

contract to extend a driveway and construct a new garage on Pickle's property. After

a dispute about payment arose, DRC Construction sued Pickle for violations of the

Deceptive Trade Practices Act ("DTPA"). Pickle moved for dismissal of the claim under Rule of Civil Procedure 91a. The trial court granted the motion to dismiss.

In four issues, DRC Construction argues that (1) the trial court erred by dismissing its DTPA claim; (2) the court abused its discretion by not allowing DRC Construction the opportunity to amend its pleadings to state a claim for breach of contract; (3) the court erred by dismissing the lawsuit without resolving the factual dispute over the debt Pickle owed to DRC Construction; and (4) Pickle's counsel made a knowingly false statement on the record to obtain dismissal, entitling DRC Construction to exemplary damages. We dismiss the appeal for lack of jurisdiction.

## Background

In May 2019, DRC Construction and Pickle signed a contract concerning improvements to Pickle's home, including repairs to a driveway and construction of a new garage. In June 2020, DRC Construction, through Calcarone acting pro se, filed suit against Pickle and asserted a claim for violation of the DTPA.

DRC Construction alleged that Pickle did not pay the full contract price for construction of the garage and driveway. DRC Construction alleged that it was a consumer under the DTPA because, to construct the improvements, it "sought or acquired goods or services by purchase or lease." It alleged that Pickle committed a false or misleading act or practice by making "many requests for changes," but not

paying "the full price including those changes." This DTPA claim was the only claim asserted in DRC Construction's original petition.

After filing an answer, Pickle moved to dismiss DRC Construction's DTPA claim under Rule 91a. *See* TEX. R. CIV. P. 91a.1 (providing mechanism for party, in certain situations, to move to dismiss cause of action on grounds that it has no basis in law or fact). Pickle argued that dismissal was proper because, under the facts of this case, DRC Construction did not qualify as a consumer under the DTPA and therefore the claim had no basis in law or in fact. In his motion to dismiss, Pickle "reserve[d] the right to submit [his] evidence of attorney's fees" after the court ruled on the motion. Pickle set the motion to dismiss for a hearing on August 4, 2020.

On July 24, 2020, DRC Construction filed a response to the motion to dismiss and argued that it was a consumer because it sought "goods or services from laborers" to complete the services it provides to clients like Pickle. In this response, DRC Construction argued that while it asserted a DTPA cause of action, it also had "a cause of action for breach of contract for which [its] petition can be amended." DRC Construction requested that the trial court deny Pickle's motion to dismiss the DTPA claim and, alternatively, allow it to amend its petition to assert a breach of contract claim against Pickle. DRC Construction did not file an amended petition at that time.

3

On the day of the hearing, Pickle filed a brief reply and reiterated that DRC Construction's DTPA claim was not supportable under the law or the facts. He also argued that DRC Construction had "wholly failed to cure the defective pleading as governed by TRCP Rule 91a" but instead "continue[d] to stand on the defective pleading."

At the hearing, the trial court agreed with Pickle that DRC Construction was not a consumer under the DTPA. The trial court and Calcarone then discussed the contract and Calcarone's contention that Pickle had not fully paid for the improvements to the garage. The court informed Calcarone that the facts as alleged did not support a DTPA cause of action, but he might "have other causes of action." The court stated, "And I'm not telling you you don't have a breach of contract claim, but you didn't outline that as one of your causes of action in your petition." The court limited its ruling to "granting the motion to dismiss solely as to the DTPA action," but it stated that "[i]t doesn't mean you can't allege breach of contract." The trial court repeatedly stated throughout the hearing that DRC Construction might have a claim for breach of contract.

After the trial court made its ruling on DRC Construction's DTPA claim, Pickle's counsel reminded the trial court that Pickle had reserved the right to file a subsequent motion for attorney's fees, which were discretionary under Rule 91a because Pickle was a prevailing party on the motion. The court acknowledged

4

Pickle's right to request attorney's fees but stated that "there may be another cause of action that [DRC Construction] does have a right to proceed on." The court stated that it would "take that under consideration and determine whether or not [the court] will award any attorney's fees."

Pickle's counsel and the trial court then had the following exchange:

Counsel:  Okay. Thank you. I just have a question I guess to clarify. Since his original petition only alleges the DTPA claim and since you have dismissed that claim, then technically he would have to refile I suppose with a new lawsuit because this is then determined adjudicated.

The Court:  All I'm doing today is dismissing the DTPA action, which means that paragraph that says cause of action, DTPA. And I think at this time I'm not asked to be ruled whether or not his petition is sufficient to sustain the breach of contract. That's not before me today.

Counsel:  Okay. We will take care of that.

The Court:  So, the petition still stands. That would be a separate motion you would need to file for me to take that under consideration.

The trial court did not rule on Pickle's request for attorney's fees at the hearing. On August 4, the trial court signed a written order granting Pickle's motion and dismissing DRC Construction's DTPA claim with prejudice. This order did not mention Pickle's attorney's fees. This order also did not include any finality language, such as a statement that the order was "final and appealable."

On August 12, 2020, DRC Construction filed an amended petition. This petition still asserted a DTPA claim, but it also asserted a claim for breach of

5

contract. That same day, DRC Construction filed a motion to clarify the trial court's order on the Rule 91a motion. DRC Construction argued that the factual allegations in the original petition supported a breach of contract claim, and it requested that the court "clarify and issue a ruling on [its] motion to amend [its] petition to include the breach of contract cause of action."

DRC Construction also filed a notice of appeal on August 12 that identified the August 4 dismissal order as the order being appealed. The next day, the appeal was assigned to this Court.

On August 14, 2020, two days after DRC Construction filed its notice of appeal, Pickle moved for a determination of his attorney's fees as a prevailing party under Rule 91a. Pickle attached a declaration from his counsel and invoices to support his request for trial-level and conditional appellate-level attorney's fees. No ruling on this motion appears in the appellate record.

**Appellate Jurisdiction**

As an initial matter, we address whether we have jurisdiction to consider the merits of this appeal.[1]

---

[1] On November 2, 2021, this Court issued a notice to the parties informing them that this appeal is subject to dismissal for want of jurisdiction because the appellate record does not contain an appealable final judgment. *See* TEX. R. APP. P. 42.3(a). We ordered the parties to respond to the notice within fourteen days and demonstrate this Court's jurisdiction over this appeal. We received no response from either party.

Appellate jurisdiction is never presumed, and we are obligated to review *sua sponte* issues affecting our jurisdiction. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *Saleh v. Hollinger*, 335 S.W.3d 368, 370 (Tex. App.—Dallas 2011, pet. denied). If the record does not affirmatively indicate the appellate court's jurisdiction, the appeal must be dismissed. *Saleh*, 335 S.W.3d at 370.

Generally, subject to a few mostly statutory exceptions, parties may only appeal from a final judgment. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 632 (Tex. 2021); *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020). In cases in which a judgment has been rendered without a conventional trial on the merits, the judgment is not final unless it (1) actually disposes of all pending claims and parties or (2) clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). If the order contains a "clear and unequivocal" finality phrase disposing of the entire case, the order is final, and the failure to actually dispose of all claims and parties renders the order erroneous but not interlocutory. *In re Guardianship of Jones*, 629 S.W.3d at 924; *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (per curiam); *see also Lehmann*, 39 S.W.3d at

7

206 ("A statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention.").

At the time the trial court signed the written order dismissing DRC Construction's DTPA claim with prejudice on August 4, Pickle had an outstanding request for attorney's fees pursuant to Rule 91a.7. *See* TEX. R. CIV. P. 91a.7 (permitting trial court to award party prevailing on motion to dismiss "all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court"). This is an affirmative claim for relief. *See Polansky v. Berenji*, 393 S.W.3d 362, 367 (Tex. App.—Austin 2012, no pet.) (stating that attorney's fees claim is request for affirmative relief if it is based on independent ground or sanction, rather than based solely on defending against other party's claims). The August 4 dismissal order addressed only DRC Construction's DTPA claim. It did not address Pickle's request for attorney's fees. Nor did the order include finality language such as a sentence stating, "This order finally disposes of all parties and all claims and is appealable." *See Lehmann*, 39 S.W.3d at 206.

Furthermore, prior to filing its notice of appeal from the August 4 dismissal order, DRC Construction amended its petition to assert a breach of contract claim. No order adjudicating DRC Construction's breach of contract claim appears in the appellate record.

8

Because the August 4 order dismissing DRC Construction's DTPA claim with prejudice did not dispose of all pending claims, we conclude the August 4 order is not a final and appealable order. *See In re Guardianship of Jones*, 629 S.W.3d at 924; *Lehmann*, 39 S.W.3d at 205. No statutory or other authority allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims. *Cf. In re Shire PLC*, 633 S.W.3d 1, 11 n.3 (Tex. App.—Texarkana 2021, orig. proceeding [mand. denied]) (stating that if trial court grants Rule 91a motion that disposes of all pending claims and parties, "an appeal is allowed because the decision is final"); *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 660–61 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (reviewing order granting Rule 91a motion to dismiss on plaintiff's breach of fiduciary duty claim after order became final following grant of summary judgment on plaintiff's other claims); *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 182–83 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (trial court signed order granting Rule 91a motion and dismissing all plaintiff's claims; several months later, after defendant moved for attorney's fees, court signed final judgment dismissing plaintiff's claims and awarding attorney's fees to defendant).

We hold that because the August 4 order is interlocutory, and not a final judgment, we lack appellate jurisdiction over this appeal. *See Elec. Reliability*

*Council of Tex.*, 619 S.W.3d at 632 (stating general rule that, with few mostly statutory exceptions, parties may only appeal from final judgments).

## Conclusion

We dismiss the appeal for lack of appellate jurisdiction.

## PER CURIAM

Panel consists of Justices Goodman, Rivas-Molloy, and Farris.