

# NUMBER 13-22-00533-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE MATTER OF THE MARRIAGE OF
### MYRNA ELIZABETH HERRERA AND
### VICTOR HUGO GRACIA ROMAN

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

This divorce case is before us for a second time on interlocutory appeal. We previously held that a premarital agreement (PMA) between appellant Victor Hugo Gracia Roman and appellee Myrna Elizabeth Herrera contained a valid, enforceable arbitration clause and that Gracia had not waived his right to arbitrate the divorce proceedings by substantially invoking the judicial process. *Gracia v. Herrera*, No. 13-20-00111-CV, 2021

WL 1306407, at *5–6 (Tex. App.—Corpus Christi–Edinburg Apr. 8, 2021, no pet.) (mem. op.). Accordingly, we reversed the trial court's denial of Gracia's motion to compel arbitration and remanded the case to the trial court for proceedings consistent with our opinion. *Id.* at *6.

Upon remand, Gracia asked the trial court to award him $45,361.00 in appellate attorney's fees before ordering the parties to arbitration. After conducting an evidentiary hearing on the reasonableness and necessity of Gracia's attorney's fees, the trial court found that some of the fees were reasonable but ultimately determined that it "does not have authority to award those fees." Thereafter, Gracia filed a motion to compel Herrera to comply with the terms of the PMA by naming an arbitrator. At Herrera's urging, the trial concluded that, by pursuing an award of interim attorney's fees, Gracia had substantially invoked the judicial process and thus waived his right to arbitration.

On appeal, Gracia first contends that the trial court had a ministerial duty on remand to follow our mandate and order the parties to attend arbitration in accordance with the terms of the arbitration clause. According to Gracia, the trial court exceeded its authority by holding an evidentiary hearing on his request for attorney's fees, and instead, the trial court should have summarily dismissed his request and ordered Herrera to comply with the PMA. By his second issue, Gracia argues that he did not substantially invoke the judicial process because, despite his request for attorney's fees, he continued to invoke his right to arbitration, but even if he did substantially invoke the judicial process, Herrera failed to demonstrate that she was sufficiently prejudiced by his actions. We

2

reverse and remand.

## I. BACKGROUND

We issued our mandate in the prior appeal on June 23, 2021. On August 6, 2021, Gracia filed a combined motion for a status hearing on "the issue of arbitration" and a request for attorney's fees. Gracia argued that Herrera's attempt to circumvent the arbitration agreement had caused him to incur $76,275.47 in attorney's fees, including $45,361.00 in appellate attorney's fees. Herrera filed a response arguing that an award of attorney's fees was premature and outside the scope of our mandate. In the same response, Herrera also asked the trial court to order the parties to mediation "to determine if the case can be settled before . . . arbitration."

The trial court held an initial hearing on these matters on August 24, 2021. Gracia generally argued that the trial court had some unspecified legal authority to award him attorney's fees incurred in vindicating his right to arbitration but conditioned his request as follows: "Your Honor, if you believe . . . that this is going to invoke any kind of jurisdiction, we're willing to have the arbitrator make the decisions on the attorney's fees." Gracia strenuously objected to Herrera's request for mediation and stated that his "main goal right now is to compel the arbitration." For her part, Herrera invoked her right to a trial on attorney's fees and asked for more time to prepare. The trial court expressed doubt about its authority to order the parties to mediation and scheduled an evidentiary hearing on the fee motion for September 27, 2021.

At the beginning of the hearing, Gracia abandoned his request for attorney's fees

3

incurred in the trial court and only requested an award of appellate attorney's fees. Gracia posited that an award of appellate attorney's fees would be equitable under the circumstances because Herrera's attempt to circumvent their agreement to arbitrate the matter had caused him to incur unnecessary fees that otherwise may not be recoverable. Gracia then called his appellate attorney to testify about the reasonableness of her fees. To rebut this testimony, Herrera called a retained expert who expressed her opinion that, for a multitude of reasons, $15,000.00 was a reasonable amount for the work performed, rather than the $45,361.00 Gracia incurred. At Herrera's request, the trial court made a finding that $15,000.00 was a reasonable amount. However, the trial court also agreed with Herrera that it did not have authority to award any fees because such an award was outside the scope of our mandate, which only awarded costs to Gracia.[1]

Approximately two months after the hearing, Gracia filed a motion to compel Herrera to name an arbitrator in accordance with the terms of the arbitration agreement. Gracia attached a copy of a letter he previously sent to Herrera on September 10, 2021, informing her of his selection of an arbitrator. Under the arbitration agreement, this notice triggered a fourteen-day window for Herrera to either agree to his selection or designate her own arbitrator, in which event, the two designees would jointly select the "the sole arbitrator of the dispute." Gracia also attached a copy of a follow-up letter, dated October 26, 2021, requesting Herrera "to respond immediately" by either agreeing to his designee or naming her own arbitrator. The motion alleged that Herrera had yet to comply with her

---

[1] The trial court determined the amount of appellate costs and ordered Herrera to pay that amount.

4

obligation to name an arbitrator. Herrera did not file a written response to the motion.

During an April 25, 2022 hearing on the motion to compel, Herrera argued that the motion should be denied because Gracia had waived his right to arbitration by asking the trial court to grant him affirmative relief in the form of interim attorney's fees. Herrera's counsel offered testimony that his client had been prejudiced by Gracia's conduct because she had incurred $6,500.00 in expert and attorney's fees defending against Gracia's fee request. Gracia strenuously objected to the idea that he had waived his right to arbitration. The trial court asked the parties to submit briefing on waiver and took the matter under advisement.

After the parties submitted briefing and Gracia filed a motion to compel arbitration, the trial court held a final hearing on the waiver issue on October 3, 2022. The trial court expressed doubt about how to rule, saying "I don't know." The trial court acknowledged that Gracia had consistently expressed his desire to arbitrate the case but was uncertain whether his request for attorney's fees nonetheless substantially invoked the judicial process. The trial court ultimately erred on the side of waiver, and this second interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1).

## II.     STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's decision to grant or deny a motion to compel arbitration for an abuse of discretion. *Robinson v. Home Owners Mgmt. Enters., Inc.*, 590 S.W.3d 518, 525 (Tex. 2019). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 840 (Tex. 2022) (per

curiam) (orig. proceeding). Whether a party waived its right to arbitrate is a question of law we review de novo. *See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018).

We have already determined that the PMA contains a valid agreement to arbitrate the underlying divorce proceedings. *Gracia*, 2021 WL 1306407, at *5. Thus, the burden shifted to Herrera to prove that Gracia impliedly waived his right to arbitration through his litigation conduct. *See Henry*, 551 S.W.3d at 115. To establish an implied waiver, Herrera had the burden to demonstrate that (1) Gracia substantially invoked the judicial process in a manner inconsistent with his claimed right to compel arbitration, and (2) Gracia suffered actual prejudice as a result of this inconsistent conduct. *See id.* at 116. Each case is fact specific, and courts consider a variety of factors when determining whether a party has substantially invoked the judicial process, including whether the party requested the court to dispose of claims on the merits; whether the party asserted affirmative claims for relief; the extent to which the party engaged in pretrial matters related to the merits as opposed to matters related to arbitrability; how long the party waited to assert his right to arbitration; and the amount of time and expense the parties committed to litigation. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 512 (Tex. 2015).

However, because the law favors and encourages arbitration, the Supreme Court of Texas has repeatedly admonished lower courts that waiver should only be found "in the most unequivocal of circumstances." *Henry*, 551 S.W.3d at 116. Stated differently, any doubts about an allegation of waiver should be resolved in favor of arbitration. *Id.* at 115.

## III.  ANALYSIS

## A.  Ministerial Duty

By his first issue, Gracia argues that the trial court had no authority to take any action other than ordering the parties to arbitration and ensuring that the parties were complying with the terms of the arbitration agreement, such as the obligation for each party to name an arbitrator. *See Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.) ("On remand, the filing of the mandate with the trial court vests the trial court with limited jurisdiction, as defined by the parameters of the mandate, to decide those issues specified in the mandate." (collecting cases)). We agree with the general proposition that a trial court has a ministerial duty to carry out our mandate. *See Jay Petroleum, L.L.C. v. EOG Res., Inc.*, 332 S.W.3d 534, 541 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). It is also true that once it is determined that the underlying dispute is subject to a valid arbitration agreement, as was the case here, "the trial court has no discretion but to compel arbitration and stay its own proceedings." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex. 2001) (orig. proceeding). However, it is at least conceivable that, even on remand, a party could change course and elect to relinquish their right to arbitration. Therefore, we cannot fault the trial court for conducting an evidentiary hearing that Gracia himself requested. Indeed, "a party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited error' doctrine." *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005). Gracia's first issue is overruled.

7

**B.      Substantial Invocation of the Judicial Process**

The question then becomes, did Gracia's request for attorney's fees substantially invoke the judicial process, and if so, did Herrera carry her burden to show that she was prejudiced by Gracia's conduct. We acknowledge that the circumstances in this case are unique; however, given the "strong presumption against waiver of arbitration," *Perry Homes v. Cull*, 258 S.W.3d 580, 590 (Tex. 2008), we cannot say that Gracia expressed an "unequivocal" intent to waive his right to arbitration. *See Henry*, 551 S.W.3d at 116.

As a preliminary matter, Herrera has asked us to consider both Gracia's pre- and post-appeal conduct in assessing his alleged waiver. Although courts generally look to "the totality of the circumstances," *G.T. Leach*, 458 S.W.3d at 512, we have already determined that Gracia did not waive his right to arbitration prior to the previous appeal. *Gracia*, 2021 WL 1306407, at *6. Thus, the proper focus here is Gracia's post-appeal litigation conduct and how it fits within the larger context of what has already occurred.

The main thrust of Herrera's argument is that, by requesting an award of interim attorney's fees, Gracia sought affirmative relief in the trial court that was inconsistent with his right to arbitration. *See G.T. Leach*, 458 S.W.3d 512. It is not clear, however, that Gracia's request for attorney's fees was actually a claim for affirmative relief. Generally, "[a] claim for attorneys' fees based solely on defending against the other party's claims is not a request for affirmative relief, but if the fees claim is based on an independent ground or sanction, it is a request for affirmative relief." *Polansky v. Berenji*, 393 S.W.3d 362, 367 (Tex. App.—Austin 2012, no pet.) (citing *Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex.

8

2008)) (deciding whether defendant's request for attorney's fees survived plaintiff's voluntary dismissal); *see also Body Shop Auto Storage v. Santander Consumer USA, Inc.*, No. 01-17-00693-CV, 2018 WL 3580938, at *2 (Tex. App.—Houston [1st Dist.] July 26, 2018, no pet.) (mem. op.).

In his motion, Gracia did not state an independent ground for awarding attorney's fees, and he did not ask the trial court to award him fees as a sanction against Herrera. *See Polansky*, 393 S.W.3d at 367. In fact, under the terms of the PMA, each party was prohibited from requesting interim attorney's fees. Instead, he asked the trial court to award him fees incurred defending against "unnecessary litigation" that Herrera initiated in the trial court. *See id.* Therefore, technically, Gracia's request for attorney's fees was not a request for affirmative relief. *See id.*

Nevertheless, it is indisputable that Gracia attempted to "tak[e] advantage of the judicial process" by asking the trial court to award interim fees before the case was sent to arbitration. *See G.T. Leach*, 458 S.W.3d at 513. Even so, whether Gracia's litigation conduct substantially invoked the judicial process "is a question of degree judged from the totality of the circumstances." *See In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 713 (Tex. 2016) (orig. proceeding). Although Gracia litigated his request for fees, other circumstances in this case prevent us from concluding that Gracia *substantially* invoked the judicial process.

First, although we focus on the events that occurred after the case was remanded, it is noteworthy that Herrera, not Gracia, initiated the divorce proceedings in the trial court.

*See G.T. Leach*, 458 S.W.3d at 512. Next, and perhaps most significantly, Gracia's fee request was related to the arbitrability issue rather than the merits of the case. *See id.* Relatedly, Gracia did not conduct additional discovery or ask the trial court to dispose of Herrera's claims on the merits once the case was remanded. *See Richmond Holdings, Inc. Superior Recharge Sys., L.L.C.*, 445 S.W.3d 573, 575 (Tex. 2014) (per curiam) (describing whether the movant sought disposition on the merits as one of the "key factors" in deciding waiver).

To the contrary, on remand, Gracia quickly and persistently invoked his right to arbitrate the merits of the case. *See G.T. Leach*, 458 S.W.3d at 512 (listing as a factor "how long the party moving to compel arbitration waited to do so"). For example, in his fee motion, Gracia also requested a status hearing on "the issue of arbitration." During the initial fee hearing, Gracia objected to Herrera's attempt to mediate the case and expressly stated that his "main goal right now is to compel the arbitration." He also qualified his fee request by saying that rather than "invok[ing] any kind of jurisdiction, [he was] willing to have the arbitrator make the decisions on the attorney's fees." Approximately three weeks before the trial court conducted the evidentiary hearing on fees, Gracia notified Herrera that he had designated an arbitrator and requested that she do the same. Afterwards, he continued to press the issue with both Herrera and the trial court. This was not a situation "where a party has tried and failed to achieve a satisfactory result before turning to arbitration." *Haddock v. Quinn*, 287 S.W.3d 158, 179 (Tex. App.—Fort Worth 2009, pet. denied). Thus, despite his request for attorney's fees, Gracia's

10

overall litigation conduct was not "unequivocally inconsistent with claiming a known right to arbitration." *See Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co.*, 475 S.W.3d 436, 449 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 353 (Tex. 2005)). Stated differently, Gracia's litigation conduct did not "clearly demonstrate[]" his intent to waive his right to arbitrate the divorce proceedings. *See LaLonde v. Gosnell*, 593 S.W.3d 212, 219 (Tex. 2019).

Finally, the delay and additional litigation expenses caused by the fee request do not tip the scale. *See G.T. Leach*, 458 S.W.3d at 512. The fee request was filed and decided within approximately two months of our mandate. Considering that this case has been lingering in the trial court since 2014, *Gracia*, 2021 WL 1306407, at *2, the fee request did not cause a significant delay. *See G.T. Leach*, 458 S.W.3d at 512. Similarly, the expenses the parties committed to litigating Gracia's fee request is but a small fraction of what the parties already expended resolving the arbitrability issue. *See id.*

In sum, given the strong presumption in favor of arbitration, it is rare when a party's litigation conduct rises to the level of an implied waiver of the right to arbitrate. *See Richmond Holdings*, 455 S.W.3d at 575 & n.1 ("We have often determined that arbitration was not waived." (collecting cases)). Considering the totality of the relevant circumstances in this case, we hold that Gracia did not impliedly waive his right to arbitration after the case was remanded.[2] Consequently, the trial court abused its

---

[2] Our memorandum opinion should not be construed as condoning Gracia's decision to pursue interim attorney's fees. His request was prohibited under the PMA and unnecessarily opened the door to further allegations of waiver.

11

discretion when it determined otherwise, and Gracia's second issue is sustained in part.[3]

## IV. CONCLUSION

We reverse the trial court's denial of the motion to compel arbitration and remand for proceedings consistent with this opinion.


GINA M. BENAVIDES
Justice


Delivered and filed on the
27th day of April, 2023.

---

[3] Although we discussed delay and litigation expenses in terms of waiver, we do not reach the question of whether Herrera met her burden to show prejudice. *See LaLonde v. Gosnell*, 593 S.W.3d 212, 219 (Tex. 2019) (explaining that, although "implied waiver and prejudice are distinct concepts[,] [t]hat does not mean, however, that evidence bearing on one is irrelevant to the other, because conduct inconsistent with claiming a right can evince intent while also working a prejudice to the opposing party"); TEX. R. APP. P. 47.1 (requiring courts of appeals to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal").