# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00373-CV

---

**Mohammad Assadi, Appellant**

**v.**

**TAM Residential d/b/a Auro Crossing, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 5 OF WILLIAMSON COUNTY**
**NO. 23-1062-CC5, THE HONORABLE WILL WARD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Mohammad Assadi appeals from the trial court's grant of appellee TAM Residential d/b/a Auro Crossing's nonsuit without prejudice. Assadi contends that the trial court instead should have dismissed for want of prosecution with prejudice. We affirm.

## BACKGROUND

TAM sued Assadi in justice court seeking a writ of possession of an apartment TAM had rented to Assadi. The justice court granted judgment awarding TAM possession of the apartment. Assadi vacated the apartment and sought de novo review in the county court-at-law. After months passed without action by TAM, the county court-at-law set the case for hearing on its dismissal docket. Assadi argued that the trial court should dismiss the case with prejudice. TAM then filed a Notice of Nonsuit Without Prejudice and the county court-at-law signed an Order Granting Nonsuit Without Prejudice.

**ANALYSIS**

Assadi contends by his sole issue that the county court-at-law erred by granting TAM's motion for nonsuit without prejudice rather than dismissing the case for want of prosecution.

A nonsuit is a procedural device by which a plaintiff dismisses its case and renders the merits of that case moot. *See* Tex. R. Civ. P. 162; *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Plaintiffs may take a nonsuit at any time before introducing all of their evidence other than rebuttal evidence. Tex. R. Civ. P. 162. A party has an absolute right to file a nonsuit, and a trial court is without discretion to refuse an order dismissing a case because of a nonsuit unless collateral matters remain. *Joachim*, 315 S.W.3d at 862. A trial court's granting of a nonsuit is a ministerial act. *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proceeding). The nonsuit extinguishes a claim from the moment the motion is filed or an oral motion is made in open court. *Id*.; *University of Texas Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006). Assadi's perfection of his appeal to county court vacated and annulled the judgment of the justice court, TAM had to prosecute its claims anew, and the county court could either try the case de novo or dismiss it if it is not prosecuted but could not "affirm" or "reverse and remand" the cause to the justice court. *See Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

TAM nonsuited its claims before presenting all its evidence to the county court-at-law. Though a nonsuit has no effect on claims pending against the plaintiff,[1] Assadi does not assert that he had any claims pending against TAM when the nonsuit was filed. The county court-at-law had no choice but to acknowledge that TAM had dismissed all claims against Assadi when TAM filed its Notice of Nonsuit without Prejudice. *See* Tex. R. Civ. P. 162; *Joachim*, 315 S.W.3d at 862. Because the nonsuit rendered the case moot immediately, the trial court could not thereafter further dismiss the moot cause for want of prosecution. *See Polansky v. Berenji*, 393 S.W.3d 362, 371 (Tex. App.—Austin 2012, no pet.) ("[T]he Polanskys were entitled to a dismissal without prejudice of their breach-of-contract claim against the Builders immediately upon filing the nonsuit" and the "trial court erred by granting summary judgment and dismissing the Polanskys' breach-of-contract claim with prejudice"). The trial court did not err in its Order on Nonsuit Without Prejudice. We overrule Assadi's issue.

**CONCLUSION**

We affirm the Order on Nonsuit Without Prejudice.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed: November 7, 2024

_____

[1] *See University of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100-01 (Tex. 2006) (noting nonsuit has no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal).

3